The TEXAS PARKS AND WILDLIFE
DEPARTMENT, Appellant,

v.

CHAMPLIN PETROLEUM COMPANY
and Nueces County Navigation
District No. 1, Appellees.

No. 1780.

Court of Civil Appeals of Texas,
Corpus Christi.

April 23, 1981.
Rehearing Denied May 21, 1981.

Leslie M. MacRae, Environment Protection Division, Austin, for appellant.

M. Harvey Weil, Kleberg, Dyer, Redford & Weil, Corpus Christi, Edgar C. Morrison, Champlin Petroleum Co., Houston, for appellees.

## OPINION

NYE, Chief Justice.

This is an appeal from a declaratory judgment action seeking to quiet title to submerged lands conveyed to the Nueces County Navigation District No. 1 by the State of Texas. Plaintiffs are the Navigation District and Champlin Petroleum Company (hereinafter Champlin). Defendant is the Texas Parks and Wildlife Department. Prior to trial, all parties filed motions for summary judgment supported by affidavits and depositions. After a hearing on the motions, the trial court entered judgment in favor of the Navigation District, holding that they had a fee simple title to the land in controversy, except as to the minerals. The result of this holding is that the Parks and Wildlife Department had no authority to charge or require payment from Champlin for the material dredged from either the District's land or land owned by Champlin.

This suit arose when the Parks and Wildlife Department sought to charge Champlin for materials which it dredged from submerged lands within the boundaries of the District. Champlin contended that the Parks and Wildlife Department did not have authority under existing law to require that a dredging permit be obtained by Champlin for the dredging of its slip, nor did it have the right to require payment from Champlin for the spoil. Champlin did, however, make application to the Department for a "non-revenue" dredging permit.

At the hearing on the dredging permit, Champlin contended that the permit should not be a revenue permit because the submerged land from which the material was to be taken was owned by either the Navigation District or by Champlin; and in addition, the materials to be dredged were worthless. The hearing examiner determined, however, that a permit should be issued as a revenue permit. Thereafter, Champlin tendered to the Department a bond in the amount of $185,000.00, without condition, but under protest. The permit was issued and Champlin dredged the slip.

After the slip was completed, Champlin reported to the Department that a total of 593,500 cubic yards of spoil had been dredged. Accordingly, the Department made a claim against Champlin for payment of this dredged material on the basis of $.25 per cubic yard. Champlin refused to pay.

Champlin and the Navigation District then brought suit seeking a declaratory

judgment that the title received by the Navigation District from the State of Texas through its various patents conveyed a good and indefeasible fee simple title to the land in question, excepting only to minerals. The Parks and Wildlife Department counterclaimed for payment of the materials dredged. The Department also sought to have judgment rendered declaring that the title to the land conveyed to the Navigation District pursuant to the various patents remained in the State of Texas subject only to an easement in favor of the Navigation District.

Although motions for summary judgment were filed by all parties, the trial court ordered a separate trial on the issue of the nature and extent of the title conveyed to the Navigation District by the State of Texas, pursuant to Patent No. 84 and other patents under Art. 8225, Tex.Rev.Civ.Stat. Ann. (repealed 1971).

After hearing arguments on the motions for summary judgment, and after considering the evidence presented with each motion for summary judgment, the trial court found that there was no genuine issue as to any material fact. The trial court ultimately granted plaintiffs' motion for summary judgment and declared that the title to the land conveyed by the State of Texas to the Navigation District was a fee simple title (except minerals). The court ordered that the claim for payment by the Department constituted a cloud on such title which should be removed.

The Parks and Wildlife Department is complaining on appeal of the trial court's failure to grant its motion for summary judgment: first, because of the Public Trust Doctrine, and second, because Art. 8225 authorizes the State to convey only a right of paramount use for navigation purposes and not a fee simple title to land.

In reviewing a summary judgment proceeding, we follow the general rule that the judgment should be granted only if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party must establish his entitlement on the issues expressly presented to the trial court by conclusively proving all of the essential elements of his cause of action (or defense) as a matter of law. Both the reasons for a summary judgment and the objection to it must be in writing and before the trial court at the hearing. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.Sup.1979).

In the present case, the only issues to be decided in this summary judgment proceeding were: (1) the issue as to the nature and extent of the title conveyed to the Navigation District by the State of Texas in Patent No. 84 and in other patents conveying land to it under the provisions of Art. 8225, and (2) the issue of the removal of the cloud from the title to said land as alleged and pleaded.

The Parks and Wildlife Department, in their motion for summary judgment, and in their answer to the Navigation District's and Champlin's motion for summary judgment, did not allege that the Public Trust Doctrine prohibited the State from conveying a fee simple title of the surface estate to navigation districts, nor did they present any summary judgment evidence concerning this issue. Issues not expressly presented to the trial court by written motion, answer, or other response, are not to be considered on appeal as grounds for reversal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.Sup.1979). The Parks and Wildlife Department's first point of error is not properly before us and is accordingly overruled.

The controlling issue is presented in the Department's second point of error which states that the trial court erred in denying its motion for summary judgment because Art. 8225 only authorizes the conveyance to navigation districts of an easement or a right of paramount use in favor of navigation districts. To support this contention, the Department relies on Sections 86.001—86.007, 86.010 and 86.012, Parks & Wildlife Code, as summary judgment proof that only an easement or right of para-

mount use was conveyed to the Navigation District by the State of Texas.

After a careful review of these sections, we find that these sections merely give the Parks and Wildlife Department the right to protect and regulate the marl, sand, gravel, shell, and mudshell located within the tidewater limits of the State, on islands within those limits, and within freshwater areas of the State not embraced by a survey of private land. Section 86.002, for instance, specifically provides that no person may disturb or take these materials for any purpose other than that *necessary or incidental to navigation or dredging* under State or Federal authority without first having obtained a permit from the Texas Parks and Wildlife Department authorizing this activity. The other sections set forth the requirements for applying for a permit, the granting of a permit, the removal and replanting of oysters and oyster beds, and the sale of these materials, all of which are not relevant to the issues here presented.

The Parks and Wildlife Department also attached to their motion for summary judgment certain depositions and affidavits. The proof found in these depositions and affidavits merely shows that the General Land Commission has regarded the lands conveyed by the State of Texas pursuant to Art. 8225 as belonging to the State, that six easements were granted by the State over the lands conveyed under Art. 8225, and a press release which is, in essence, an opinion by the Land Commissioner as to his duty as a State official in protecting the interest of the public in submerged lands. In this press release, the Commissioner stated that he was of the opinion that the request by the Calhoun County District for additional acreage should not be granted and that the navigation district should not be allowed to retain acreage that it does not now need for navigation purposes. The other affidavits and exhibits regard testimony as to the permits issued to Champlin and the amount alleged to be due and owing Texas Parks and Wildlife Department under these permits for the material dredged from the land in question.

We reiterate the general rule that in order for a summary judgment to be properly granted, the movant must establish his entitlement to a summary judgment on the issues expressly presented to the trial court (the extent and nature of the title conveyed to the Navigation District by the State of Texas in Patent No. 84 and other patents) by conclusively proving all the essential elements of his cause of action or defense as a matter of law. After carefully reviewing Texas Parks and Wildlife Department's summary judgment proof, we hold that such proof does not conclusively establish that only an easement was granted to the Navigation District.

However, when a trial court has motions for summary judgment by both parties before it, all of the evidence accompanying these motions is evidence to be considered in deciding whether or not to grant either party's motion for summary judgment. *DeBord v. Muller,* 446 S.W.2d 299 (Tex.Sup.1969); *Wade v. Jackson County,* 547 S.W.2d 371 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.).

All the parties agree that whatever title was conveyed to the Navigation District was conveyed pursuant to Art. 8225, Tex. Rev.Civ.Stat.Ann. The relevant portions of this statute are as follows:

"The Commissioners are empowered to acquire the necessary right-of-way and property of any kind for all necessary improvements contemplated by this title by gift, grant, purchase, or condemnation proceeding. Any Navigation District . . . shall have the right to *purchase* from the State of Texas any lands and flats belonging to said State, covered or partly covered by the waters of any of the bays or other arms of the sea, to be used by said District *for the purposes authorized by law* . . . . If the Commissioner of the General Land Office is satisfied that the applicant is a Navigation District . . . a patent shall then be issued to said Navigation District, conveying to said District the *right, title and interest of the State* in the lands . . . . Such sales shall be subject to any oil, gas, or mineral leases

theretofore given by the State on said lands, and all mines and minerals and mineral rights, including oil and gas in and under said land . . . ." (emphasis added).

■ In construing the legislative intent of a statute, we must follow the well-established format for judicial determination. First, the court must look to the statute to ascertain the legislative intent. If such intent was to permit the conveyance of fee simple title to submerged land, then we must look to the action of the State officials to see that they carried it out. *City of Galveston v. Menard*, 23 Tex. 349, 1859; *State of Texas v. Aransas Dock & Channel Company*, 365 S.W.2d 220 (Tex.Civ.App.— San Antonio 1963, writ ref'd).

To arrive at the proper interpretation of the legislative intent of this statute (Art. 8225), we review all of the provisions enacted by the legislature concerning navigation districts. In so doing, we find that Art. 8247b, for instance, sets forth some of the powers conferred on navigation districts. This particular article allows navigation districts to "*sell* or lease all or any part of any surplus lands *owned* by it, whether said lands be acquired by gift, purchase . . . provided such lands are not necessary to be used by such navigation district in connection with the development of such navigation project. . . ." (emphasis added)

■ We hold that the statute, when interpreted in its entirety, allows the State of Texas to convey lands by patent in fee simple (except minerals) to any navigation district when the Commissioner of the General Land Office is satisfied that the grantee is, in fact, a navigation district. *State of Texas v. Aransas Dock & Channel Co.*, 365 S.W.2d 220 (Tex.Civ.App.—San Antonio 1963, writ ref'd). The intent of the legislature, concerning this particular statute, is further strengthened when one reviews the amendments to the statute concerning navigation districts. Art. 8225's successor, Sec. 61.117(f), Water Code, now provides:

"Districts which, prior to enactment of this provision, have obtained patents to State owned lands or flats under Article 8225, Revised Civil Statutes of Texas, 1925, or under any general or special act, and which still claim title to any such lands or flats, may not hereafter dispose of any such lands or flats *which were conveyed to them by the State of Texas* . . . ."

" . . . however, in the event a district possesses lands it finds to be in excess of its needs, it may *sell such surplus lands* or flats back to the State of Texas for the same consideration as originally paid to the state or exchange them for other lands with the State of Texas. It is further provided that the limitation on resale of lands or flats acquired from the State of Texas shall not prevent a district from exchanging such lands or flats for land, or rights in land, of an adjacent littoral owner for the purpose of adjusting or straightening the boundary between such lands." (emphasis supplied)

The relevant portions of the patents from the State of Texas to the Navigation District which conveyed the subject title reads as follows:

"I, . . . Governor of the State . . . do by these presents Grant to Nueces County Navigation District No. 1 . . . acres of land situated and described as follows: in Nueces County, being a strip of submerged land . . . this grant is made subject to existing oil and gas and mineral leases heretofore given by the State . . . There is further reserved unto the State of Texas . . . all the minerals . . . in and under the area described in this Patent . . . Hereby relinquishing to Nueces County Navigation District No. 1 . . . all the right and title in and to said land *heretofore held and possessed by the said State* . . . ." (emphasis supplied)

■ We hold that the Navigation District owns a fee simple title (except minerals) to the lands described in the subject patents.

Judgment of the trial court is affirmed.

BISSETT, J., not participating.