Joseph W. BAILEY, Appellant,

v.

GULFWAY NATIONAL BANK OF CORPUS CHRISTI, Appellee.

No. 1839.

Court of Appeals of Texas, Corpus Christi.

Oct. 15, 1981.

Rehearing Denied Nov. 12, 1981.

Mark H. Giles, Giles & Adams, Corpus Christi, for appellant.

Allen Wood, Wood & Burney, Corpus Christi, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a summary judgment proceeding. Appellant Joseph Bailey was plaintiff and Gulfway National Bank of Corpus Christi was defendant. Bailey filed suit against the Bank for cancellation of a $10,000.00 promissory note, and for libel and slander. The Bank then brought suit against Bailey for collection of the note. The two cases were consolidated for trial. Both parties filed motions for summary judgment. The court granted the Bank's motion and entered a take nothing

judgment on Bailey's suit against the Bank. We affirm.

In February 1977, Bailey signed a promissory note in the principal amount of $10,-000.00. The note provided for interest at the rate of 8% per annum and was a single payment note. Bailey was induced by Robert Hillin, a Vice President of the Bank, to sign the note. Hillin took the funds and then executed and delivered his own personal note telling Bailey that he would repay him and then Bailey could in turn pay the Bank. This note provided for interest at the rate of 10% per annum. When the note to the Bank became due, Bailey did not pay it but Hillin twice induced Bailey to renew it. Hillin disappeared[1] and Bailey then, on his own, renewed it.

Thereafter, Bailey filed suit against the Bank claiming that he had not received the money, that he had been told by Hillin that he would not have to pay the note, that he had been tricked by Hillin to sign the note, and that his reputation had been damaged. The Bank then filed suit for collection of the note and moved for summary judgment.

The summary judgment evidence consisted of an affidavit by Bailey and Bailey's deposition. By agreement of the parties, a copy of the note in question was attached to Bailey's deposition.

Bailey contended that the pleadings, depositions and affidavits on file gave rise to genuine material fact issues with respect to his liability to the Bank. The trial court disagreed and rendered a summary judgment for the Bank. Bailey appealed.

In his appeal, Bailey complains that the trial court committed error because, among other things, the evidence was insufficient for the court to grant the summary judgment. Bailey alleges that there was not proper evidence of the note before the court, that the action brought by the Bank against Bailey was not based upon a sworn petition, and that there was no affidavit of any officer of the Bank swearing that the note in question was owned by the Bank, supported by consideration, funded, past due and unpaid. No exceptions or objections were made in the trial court about these matters, nor were these matters raised in his motion for a new trial. Bailey raises these matters for the first time on appeal.

These alleged defects might easily have been cured had they been timely pointed out in response to the motion for summary judgment. Bailey is further hampered on appeal because Rule 166–A(c) of Texas Rules of Civil Procedure provides ... "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." See: *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

Where unverified or uncertified copies are attached to pleadings on a motion for summary judgment and no exception is taken, the party thereby waives the requirement under Rule 166–A(e) and the copies are sufficient basis to grant a motion for summary judgment when it fairly appears there is no genuine issue as to a material fact and the moving party is entitled to a judgment as a matter of law. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1962); *Roland v. McCullough,* 561 S.W.2d 207 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.). See also, *Jones v. McSpedden,* 560 S.W.2d 177 (Tex. Civ.App.—Dallas 1977, no writ).

McDonald, in discussing the matters that the court may take into consideration in summary judgment proceedings, states: "The court may take into account admissions in whatever form they appear: for example, in exhibits, pleadings, stipulations, evidence on a prior trial of the action or on a separate trial of an issue or claim in the action, responses (or implied admission arising from failure to reply) to formal demands under Rule 169, recitations in pretrial orders, statements under oath in another preceeding,..." 4 R. McDonald, Texas Civil Practice § 17.2611 (rev. 1971).

---

1. Hillin was later indicted in Federal Court for misapplication of funds by a bank officer. He plead guilty and was assessed a fine and ordered to make restitution.

In his sworn pleadings and in his deposition, Bailey admits signing the note and the renewal notes, and admits that he never paid the note. He also agreed that photocopies of these notes be attached to his deposition. These facts constitute a judicial admission and are construed against Bailey. *Yelverton v. Brown*, 412 S.W.2d 325 (Tex.Civ.App.—Tyler 1968, no writ); *McCormick v. Stowe Lumber Co.*, 356 S.W.2d 450 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.). We conclude that there was sufficient evidence before the court to grant the summary judgment.

Appellant's other points of error relate to the court granting the summary judgment when the plaintiff contended that the pleadings, deposition and affidavit raised material fact issues before the court.

In an action on a promissory note by a plaintiff who is not a holder in due course, parol evidence is admissible to show that the maker was induced by the fraudulent representations of the payee to sign the note. See: Tex.Bus. & Com.Code Ann. § 3.306(2) (Tex.U.C.C.) (Vernon 1968); *Town North Nat. Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978); However, "[T]he mere representation by a payee to the maker that the maker will not be liable on the note does not constitute fraud in the inducement so as to be an exception to the parol evidence rule. . . ." *Broaddus, supra*, at 492. "[T]here [must] be a showing of some type of trickery, artifice, or device employed by the payee in addition to the showing that the payee represented to the maker he would not be liable on such a note." *Broaddus, supra*, at 494.

In this case Bailey was not tricked or deceived into signing the promissory note in question, nor the renewal notes. He was interested in helping a friend and also helping himself by charging a higher rate of interest to Hillin than the Bank was charging him. In renewing the notes, he was interested in not damaging his credit. It is also plainly shown that Hillin, the Bank officer, was acting entirely in his own behalf and that the Bank advanced funds to

Hillin as Bailey understood that it would. We hold that Bailey's allegations of fact, even if true, do not constitute fraud in the inducement so as to support an exception to the parol evidence rule. Therefore, Bailey is left in the position of having offered no summary judgment proof to meet the burden imposed upon him to show the existence of a genuine issue as to a material fact. Appellant's points of error are overruled. The judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

Appellant contends in his motion for rehearing that we committed error in affirming the trial court judgment granting a summary judgment to the Bank. Among other things, he alleges that we failed to consider the defense of want of consideration, the defense of wrongful conversion of the loan proceeds, and the defense of scope of employment of the Bank officer.

We did consider these matters and ruled in the Bank's favor.

There was no evidence that the Bank converted the loan proceeds. The true character of the transaction was a loan from the Bank to appellant, and a contemporaneous loan from appellant to Hillin. The teller did exactly what appellant expected when he signed the note and endorsed the cashier's check and delivered it to Hillin. The fact that appellant did not physically handle the money does not change the nature of the transaction.

The consideration for the note is appellant's promise to pay the Bank the money the Bank loaned him, which he in turn loaned to Hillin. Furthermore, the evidence is clear that Hillin was acting for his own personal interest and not in the scope of his employment with the Bank. See: *Grayson County National Bank v. Hall*, 91 S.W. 807, (Tex.Civ.App.—1906, no writ); *Hawkins v. First National Bank of Canyon*, 175 S.W. 163, (Tex.Civ.App.—Amarillo 1915, no writ); *National Bank of Commerce v. Rogers*, 125 S.W.2d 632 (Tex.Civ.App.—Galveston, 1938, writ denied, jud.corr.)

Appellant's main complaint in his motion for rehearing is that this Court improperly shifted the burden of proof to appellant. He argues that the Court relies on the deposition of appellant to establish the note and that the Bank is the holder of such note.

It is true that in a summary judgment proceeding the moving party has to prove that there is no genuine issue as to any material fact, and that he is entitled to a judgment as a matter of law. It is also true that the opponent has no burden to establish that there is a genuine issue as to a material fact, and that the total burden rests on the moving party. However, a different rule applies when a defendant relies upon an affirmative defense.

"There is one situation where the opponent of a summary judgment must come forward himself to raise a fact issue by proof, rather than allegation, the movant having presented no proof on the issue, and that is to support the non-movant's own affirmative defense." *Torres v. Western Casualty and Surety Co.*, 457 S.W.2d 50, 53, (Tex.1970).

In the case at bar, appellant asserted the affirmative defense of fraud in the inducement. We hold that the evidence appellant presented was insufficient as a matter of law to show that there was a disputed fact issue upon his affirmative defense.

In moving for the summary judgment, the Bank assumed and properly carried forth the burden of establishing that there was no genuine issue as to any material fact and that it was entitled to a summary judgment as a matter of law.

At the time of the hearing, the trial court had before it an affidavit and a deposition made by appellant. In both his affidavit and deposition, appellant admitted the issuance and delivery of the note to the Bank. The deposition clearly shows that payment on the note had not been made. Attached to appellant deposition was a copy of the note. Appellant, as well as the Bank, filed a motion for summary judgment.

When a trial court has before it a motion for summary judgment by both parties, all of the affidavits accompanying these motions shall be considered in deciding whether or not to grant either parties' motion for summary judgment. *Debord v. Muller*, 446 S.W.2d 299, (Tex.1969); *The Texas Parks and Wildlife Dept. v. Champlin Petroleum Co.*, 616 S.W.2d 668, (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n. r. e.)

From the summary judgment proof present in this case, the Bank established the note in question; that at the time of the hearing, there was a balance due and owing on the note; and that appellee was the legal owner of the note. This proof is a sufficient basis for rendering a summary judgment. See: *Hidalgo v. Surety Savings and Loan Asso.*, 462 S.W.2d 540 (Tex.1971).

We considered all points on the motion for rehearing and they are overruled.