Nolan G. ATCHLEY, Appellant,

v.

NCNB TEXAS NATIONAL BANK,
formerly First Republicbank
Lufkin, Appellee.

Nos. 09–89–177 CV, 09–89–178 CV.

Court of Appeals of Texas,
Beaumont.

Aug. 30, 1990.

Rehearing Denied Sept. 18, 1990.

Bill Jones, Livingston, for appellant.

Jerry L. Atherton and Karen G. Hughes, Hardy & Atherton, Tyler, for appellee.

## OPINION

WALKER, Chief Justice.

N.C.N.B. Texas National Bank, formerly First Republicbank, Lufkin (hereinafter referred to as Bank) brought these two suits to recover on two promissory notes made by Nolan Atchley. The Bank filed a motion for summary judgment in each case. Appellant filed responses to these motions on March 31, 1989 and a hearing was held on the motions for summary judgment on April 6, 1989. Subsequently, the trial court granted summary for the Bank in each case. Appellant has perfected appeal from each of the summary judgments granted by the trial court.

By his first and third points of error in each appeal, appellant complains that the trial court erred in granting summary, because material issues exist which preclude summary judgment. Appellant's response to the motion for summary judgment in each suit was filed less than seven days prior to the day of the hearing without leave of court and was, therefore, untimely. *TEX.R.CIV.PROC.ANN.* 166a (c) (Vernon Supp.1990). Untimely responses to motions for summary judgment are not properly before a trial court at a hearing on such motion. *See, M & M Construction v. Great American Insurance,* 749 S.W.2d 526 (Tex.App.—Corpus Christi 1988, writ dis'm. w.o.j.). Since appellant filed no timely response to the motions for summary judgment, he may not assert for the first time on appeal that issues of material fact exist which preclude summary judgment. *See, City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Appellant's points of error numbers one and three are, therefore, overruled.

By his second point of error, appellant urges that there is insufficient evidence to support the summary judgments granted in these cases. Appellant argues that the affidavit of Loren Lange, vice-president of N.C.N.B., is the only evidence of the amount of interest which has accrued on the notes. Appellant urges that Lange's affidavit does not affirmatively show how Lange is competent to testify to the total amount of interest accrued on the notes. If such defect exists in Lange's affidavits, they were waived by appellant's failure to make such objection in the trial court. *TEX.R.CIV.PROC.ANN.* 166a (e) (Vernon Supp.1990).

Lange's affidavit in each case states that he is vice-president of N.C.N.B. (the successor in interest of Republicbank, Lufkin, the bank to whom the notes were made payable) and that he has personal knowledge of the matters set out therein. Each affidavit then states the amount of principal and interest owed on the note on the date of default and the per diem interest accruing from that date forward. The note sued upon in each case was attached to the motion for summary judgment. Each note called for interest charges through maturity of two percent above the prime rate published by a named bank and for interest on unpaid and overdue principal and interest at the maximum legal rate. We find that the statements in Lange's affidavit were clear, positive, direct and could have readily been controverted. *See, Sharpe v. Lomas & Nettleton Financial Corp.,* 601 S.W.2d 55 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). It was not necessary for appellee to prove its method of calculation or the particular rate charged on each day during the life of these variable rate notes in order to recover the debt. *See, id.* Finding the evidence sufficient to establish the bank's entitlement to judgment as a matter of law in each case, we overrule appellant's second point of error and affirm the judgment of the trial court in each of these causes.

AFFIRMED.