**Catherine LAZARO, Appellant,**

v.

**UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER, et al., Appellees.**

**No. A14–91–00667–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 7, 1992.

Rehearing Denied June 4, 1992.

Laurence W. Watts, Lindsey Lee, Houston, for appellant.

David J. Guillory, Austin, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment in favor of the University of Texas Health Science Center at Houston (UTHSC); John C. Ribble, M.D. (Ribble), Interim President; and Margaret C. McNeese, M.D. (McNeese), Associate Dean for Student Affairs, appellees. Catherine Lazaro, appellant, brought suit against appellees alleging wrongful dismissal from medical school and violations of her right to equal protection and due process under the Constitution. Appellees moved for summary judgment on the bases of sovereign immunity, quasi-judicial immunity, no violation of appellant's constitutional rights, and no constitutional tort in the State of Texas. The trial court granted the motion and dismissed appellant's suit. Appellant, in five points of error, alleges the trial court erred in granting summary judgment because 1) there is no bar of sovereign immunity; 2) Ribble and McNeese are not immune from liability in their individual capacities; 3) Texas law recognizes a cause of action for constitutional wrong; 4) appellees did not produce competent summary judgment proof; and 5) she should have been allowed to replead if her pleadings were defective. We affirm.

In order to preserve the issues raised by these points of error for appellate review, appellant must have filed a timely response to appellees' motion for summary judgment, *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979); *Bailey v. Gulfway Nat'l Bank*, 626 S.W.2d 70, 72 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.), and must have raised the defects in the summary judgment proof by objection. TEX.R.CIV.P. 166a(f). · Appellant failed to object or take exception to the unverified summary judgment proof and thus waived this complaint for appeal. *See Atchley v. NCNB Texas Nat'l Bank*, 795 S.W.2d 336, 337 (Tex. App.—Beaumont 1990, no writ); *Bailey*, 626 S.W.2d at 72. *See also City of Houston*, 589 S.W.2d at 671. Further, the record reveals the hearing on appellees' motion for summary judgment was set for 9:30 a.m. on May 6, 1991. Appellant's response to the motion for summary judgment was filed on May 8, 1991, two days *after* the submission date. A response which is filed less than seven days *before* the hearing day, without leave of court, is untimely. *Atchley v. NCNB Texas Nat'l Bank*, 795 S.W.2d 336, 337 (Tex.App.— Beaumont 1990, no writ); TEX.R.CIV.P. 166a(c). Appellant made no request for permission to file her summary judgment response late. Therefore, her response

was not properly before the trial court. *Bailey*, 626 S.W.2d at 72. Appellant is improperly attempting to raise fact issues for the first time on appeal and defeat the summary judgment. *City of Houston*, 589 S.W.2d at 678–79. Summary judgment cannot be defeated in this manner. *Id.*

The only issue appellant may properly raise in this situation is that the trial court erred in granting summary judgment because the grounds presented in the motion are insufficient as a matter of law. *Id.* at 678. Although appellant has not specifically presented this issue to us for review, all of her points of error deal with the allegation that summary judgment was improperly granted. Thus, we will consider whether appellees are entitled to summary judgment as a matter of law.

In order for summary judgment to be proper, appellees must establish that they are entitled to judgment as a matter of law and that there is no genuine issue of material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). On review, the Court must view the evidence in the light most favorable to appellant, the non-movant, and resolve all doubts and inferences in her favor. *Id.* at 548–49. *See Turboff v. Gertner, Aron & Ledet Invs.*, 763 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

 UTHSC is undisputedly an agency of the State of Texas. Ribble and McNeese, acting in their official capacities as Dean and President of UTHSC, are agents of the State of Texas. The rule is well established that the State, either in its own name or through an agent, is not liable without Legislative waiver of sovereign immunity in suits brought by private citizens. *See Missouri Pacific R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812 (1970); *Bagg v. University of Texas Medical Branch*, 726 S.W.2d 582, 586 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). In this case, there was no Legislative waiver of sovereign immunity. Such immunity bars the trial court's jurisdiction as a matter of law.

 As to the liability of Ribble and McNeese in their individual capacities, the general rule is government employees "have a common-law immunity from personal liability while performing discretionary duties in good faith within the scope of their authority." *Carpenter v. Barner*, 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied) (citing *Campbell v. Jones*, 264 S.W.2d 425, 427 (Tex.1954)); *Perry v. Texas A & I Univ.*, 737 S.W.2d 106, 110 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.). This quasi-judicial or qualified immunity is based on sound public policy which encourages public employees to perform their duties without fear of personal liability for negligent or improper performance. *Carpenter*, 797 S.W.2d at 101. *See Baker v. Story*, 621 S.W.2d 639, 643–44 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). Thus, if Ribble and McNeese were performing discretionary duties in good faith, they will not be liable for torts committed while performing these duties. *Torres v. Owens*, 380 S.W.2d 30, 33–34 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). Discretionary duties involve acts requiring personal deliberation, decision, and judgment on the part of the employee. *Baker*, 621 S.W.2d at 645. A state employee who "is required to pass on facts and determine his actions by the facts found" is performing duties that are "quasi-judicial" in nature and are discretionary. *Torres*, 380 S.W.2d at 33–34. *See also Augustine v. Nusom*, 671 S.W.2d 112, 115 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

 In the instant case, there is no dispute that Ribble and McNeese were employees of a State agency and were acting within the scope of their authority. Additionally, the record indicates that they were both performing discretionary duties in good faith. Appellant was a medical student who received several failing grades during her first three years of medical school. She was allowed by the Student Evaluation and Promotions Committee, to remediate these grades. However, in her third year she received two failing grades, one in Pediatrics and one in Surgery. Appellant met the criteria for dismissal from school both for failing two courses in one

academic year and for having a total of four failures. An attempt was made to work with appellant to remediate these two grades. Her performance, however, was judged inadequate and in addition, she received a marginal performance evaluation in her Obstetrics/Gynecology class. The decision by Ribble and McNeese to uphold the Student Evaluation and Promotions Committee vote to dismiss appellant was the exercise of a discretionary duty in good faith. Ribble and McNeese are protected by qualified immunity as a matter of law.

Appellees are immune from liability under the doctrines of sovereign and qualified immunity. Summary judgment was properly granted. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.