NUMBER 13-00-393-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


PETER JENSEN THORNTON , Appellant,

v.



COZEN AND O'CONNOR, MATTHEWS, CARLTON, STEIN, 

SHEILS, PEARCE, DUNN & KNOTT, L.L.P., AND R. ROGGE DUNN , Appellees.

__________________________________________________________________


On appeal from the 162nd District Court

of Dallas County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Yañez, and Hill (1)

Opinion by Justice Hill



Peter Jensen Thornton appeals from a summary judgment that he take nothing in this legal malpractice case. He contends
in three issues that the trial court abused its discretion in: (1) denying his motion to continue the hearing on the motion for
summary judgment; (2) excluding his summary judgment evidence; and (3) sustaining an objection to his summary
judgment evidence that was not in writing, was not properly made and preserved, and that does not otherwise appear of
record. Thornton contends in two additional issues that the motion for summary judgment of appellees Matthews, Carlton,
Stein, Sheils, Pearce, Dunn & Knott, L.L.P. and R. Rogge Dunn was insufficient as a matter of law to support the trial
court's ruling and that the trial court erred in granting both motions for summary judgment. We affirm. 

Thornton urges in issue one that the trial court abused its discretion in denying his motion to continue the hearing on the
appellees' motion for summary judgment. Thornton filed this lawsuit pro se on September 16, 1999. Appellees Cozen and
O'Connor filed their motion for summary judgment on February 9, 2000, while appellees Matthews, Carlton, Stein, Sheils,
Pearce, Dunn & Knott, L.L.P. and R. Rogge Dunn filed their motion for summary judgment on February 24, 2000.
Thornton filed an unverified motion for continuance of the hearing on the appellees' motions for summary judgment, but
the trial court did not continue the hearing. We have no reporter's record of any hearing on the motion for continuance. 

Rule 251 of the Texas Code of Civil Procedure provides that no continuance is to be granted except for sufficient cause
supported by affidavit, or by consent of the parties, or by operation of law. Tex. R. Civ. P. 251. Thornton's motion was not
supported by affidavit, was not consented to by the parties, and he has made no showing that he was entitled to it by
operation of law. When a movant fails to comply with the affidavit requirement of Rule 251, we presume that the trial
court did not abuse its discretion in denying the motion for continuance. Garcia v. Tex. Emp. Ins. Ass'n, 622 S.W.2d 626,
630 (Tex. App.--Amarillo 1981, writ ref'd n.r.e.). 

Thornton urges that it would be unrealistic to apply the presumption to lay movants whose attorneys have been given leave
to withdraw over their objections. He relies upon the cases of Robinson v. Risinger, 548 S.W.2d 762, 765 (Tex. App.
--Tyler 1977, writ ref'd n.r.e.) and Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). We find both cases to be
distinguishable. In Robinson and in Villegas, the plaintiff's attorney was allowed to withdraw a short time before the
hearing on the motion for summary judgment. Robinson, 548 S.W.2d at 765; Villegas, 711 S.W.2d at 625. There is no
evidence in this case showing that Thornton has ever had an attorney of record. The only support in the record for
Thornton's assertions that he thought that he had secured counsel are the unsworn allegations in his motion for continuance.
We overrule Thornton's contentions presented in issue one. 

Thornton insists in issues two and three that the trial court abused its discretion by sustaining an unwritten objection to his
summary judgment evidence, thereby excluding that evidence. The evidence to which Thornton refers was included in a
"Supplemental Response in Opposition to Defendants' Motion for Summary Judgment," which he filed on the same day as
the hearing on the motion for summary judgment. Rule 166a(c) of the Texas Rules of Civil Procedure provides that the
adverse party to a motion for summary judgment must file and serve opposing affidavits or other written response not later
than seven days prior to the date of the hearing except on leave of court. Tex. R. Civ. P. 166a(c). There is no indication
that Thornton obtained leave of court for the late filing of his response. That being the case, the trial court did not abuse its
discretion by not considering evidence contained in Thornton's response. Sullivan v. Bickle & Brewer, 943 S.W.2d 477, 486
(Tex. App. --Dallas 1995, writ denied). 

Thornton complains that the appellees' objection to his summary judgment evidence was not in writing. However, just as
we find no objection to his summary judgment evidence in the record, we also find no written objection to the trial court's
consideration of the appellees' objection, nor is there any indication in the record that Thornton made any oral objection to
that effect. Consequently, Thornton has presented nothing for review with respect to his contention that the trial court erred
by sustaining an oral objection to his summary judgment evidence. Tex. R. App. P. 33.1(a). We also note that in the
absence of the court having granted leave to file the untimely response, the response was not before the court. Campos v.
Investment Mgmt. Props., 917 S.W.2d 351, 353 (Tex. App.-San Antonio 1996, writ denied); Lazaro v. Univ. of Tex. Health
Science Center, 830 S.W.2d 330, 331-32 (Tex. App.-Houston [14th Dist.] 1992, writ denied). Consequently, if the trial
court erred by sustaining an oral objection to the evidence contained in the response, we cannot conclude that the error
probably caused the rendition of an improper judgment or probably prevented Thornton from properly presenting his case
to this court. See Tex. R. App. P. 44.1 (a). We overrule Thornton's contentions as presented in issues two and three. 

Thornton asserts in issue five that the trial court erred in granting both motions for summary judgment, while in issue four
he asserts that the motion of appellees Matthews, Carlton, Stein, Sheils, Pearce, Dunn & Knott, L.L.P. and R. Rogge Dunn
was insufficient as a matter of law to support the trial court's summary judgment in their favor. Both motions for summary
judgment are, in part, traditional motions for summary judgment and, in part, no-evidence motions for summary judgment.

 Rule 166a(i) of the Texas Rules of Civil Procedure provides that:

After adequate time for discovery, a party without presenting summary judgment evidence may move for summary
judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence.
The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of
material fact.

Tex. R. Civ. P. 166a(i)

When such a no-evidence motion for summary judgment is presented, the movant does not bear the burden of establishing
each element of its own claim or defense. See Grant v. Southwestern Elec. Power Co., 20 S.W.3d 764, 772 (Tex.
App.--Texarkana 2000, pet. granted). Although the non-moving party is not required to marshal its proof, it must present
evidence that raises a genuine fact issue on the challenged elements. Id. Because a no-evidence summary judgment is
essentially a pre-trial directed verdict, we apply the same standard in reviewing a no-evidence summary judgment as we
apply in reviewing a directed verdict. Id. at 772-73. 

We must determine whether the non-movant produced any evidence of probative force to raise a fact issue on the material
questions presented. Id. at 773. A no-evidence motion for summary judgment is improperly granted if the nonmovant
presents more than a scintilla of probative evidence to raise a genuine issue of material fact. Id. More than a scintilla of
evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions. Id.

The no-evidence portion of both motions for summary judgment asserted that there is no evidence that any act of the
defendants was a proximate cause of Thornton's alleged damages and/or injuries, that there is no evidence of damages
incurred by Thornton as a result of the movant's representation of Thornton, and there is no evidence to support any
component of Thornton's DTPA allegations. As previously noted in this opinion, Thornton did not timely file a response or
any evidence in support of his claims. Consequently, the trial court did not err in granting summary judgment for the
appellees with respect to the no-evidence grounds of their motions for summary judgment. Inasmuch as those grounds are
sufficient by themselves to support the take-nothing summary judgment in favor of the appellees, we need not consider this
issue as it relates to the grounds in support of a traditional summary judgment. 

Thornton argues in issue four that the Matthews and Dunn motion is insufficient to support the trial court's granting of
summary judgment because the grounds for the motion are incorporated by reference as opposed to being included in the
motion itself. Thornton is correct in his contention that the motion for summary judgment must state the specific grounds
on which it is based. See Tex. R. Civ. P. 166a(c). However, the movant may include the grounds in his motion by
incorporating by reference the grounds stated in the motion of another defendant. Chapman v. King Ranch, Inc., 41 S.W.3d
693, 700 (Tex. App.--Corpus Christi 2001, no pet.). Thornton relies upon the case of McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 339-41 (Tex. 1993). That case is distinguishable because, in that case, the grounds were not
incorporated by reference into the motion. Id. at 338, n.1. The court in McConnellquoted the opinion in Shade v. City of
Dallas, 819 S.W.2d 578, 583 (Tex. App.-Dallas 1991, no writ), in which the Fifth District Court of Appeals held that
summary judgment was improper because grounds of the motion for summary judgment were contained in a brief that was
not incorporated into the motion. McConnell, 858 S.W.2d at 340. We do not find our opinion to be in conflict
withMcConnell.

Thornton insists that the motion did not incorporate the grounds of Cozen and O'Connor's motion for summary judgment
because it limited the incorporation to "all arguments, authority, and evidence cited and included in Defendant Cozen and
O'Connor's Motion for Summary Judgment filed February 9, 1000 and set for hearing on March 17, 2000." Although the
grounds for the Cozen and O'Connor motion for summary judgment were in a separate section of the motion entitled "Basis
for Summary Judgment," we hold that they were sufficiently set forth in the portion of the Cozen and O'Connor motion that
was incorporated to meet the requirement that they be set forth in the motion itself. 

Thornton argues that the motion for summary judgment of Cozen and O'Connor did not address the conduct of R. Rogge
Dunn while he was employed by the law firm, nor did it negate any liability for Dunn's conduct while so employed. With
respect to the no-evidence portion of Cozen and O'Connor's motion for summary judgment, the motion stated the following
grounds: 

***

2. There is no evidence of any alleged or actionable breach of duty on the part of Cozen and O'Connor;

***

4. There is no evidence that any alleged act and/or omissions on the part of Cozen and O'Connor were the proximate cause
of Thornton's alleged damages and/or injuries.

5. There is no evidence of damages incurred by Thornton as a result of Cozen and O'Connor's representation of Thornton;
and

6. There is no evidence to support any component of Thornton's DTPA allegations.



To the extent that Cozen might have liability because of any action on the part of Rogge Dunn while he was with the firm,
we hold that such liability is adequately addressed by the motions, particularly grounds five and six. 

We interpret Thornton's brief as arguing that the trial court erred by granting summary judgment for Matthews and Dunn
because their motion for summary judgment addressed only Cozen and O'Connor's lack of liability, rather than their own,
since they adopted Cozen and O'Connor's motion that addressed only its lack of liability. The only reasonable
interpretation of the no-evidence portion of Matthews and Dunn's motion for summary judgment adopting Cozen and
O'Connor's motion is that it asks for summary judgment not on the basis that there is no evidence with regard to the various
matters alleged as to Cozen and O'Connor, but rather no evidence with regard to those same matters as to themselves. Were
they not seeking to show that there was no evidence with respect to themselves, as opposed to Cozen and O'Connor, there
would have been no purpose in filing the motion. We overrule Thornton's contentions as presented in issues four and five.

The judgment is affirmed. 

JOHN HILL,

Senior Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of August, 2001.

1. Senior Justice John Hill assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't
Code Ann. § 74.003 (Vernon 1998).