

## NUMBER 13-11-00021-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE ESTATE OF D.H. BRAMAN JR., DECEASED

**On appeal from the 267th District Court
of Refugio County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

This is an appeal from a no-evidence summary judgment granted against appellant Vincent Lazaro.[1] *See* TEX. R. CIV. P. 166a. By one issue, Lazaro contends that the trial court erred in granting appellee Danielle Braman's no-evidence motion for

---

[1] Lazaro is a licensed attorney and elected to represent himself pro se at the trial court level as well on appeal.

summary judgment.   We conclude that the trial court did not err and affirm.

## I.   BACKGROUND[2]

Lazaro provided legal representation to Braman in the underlying probate matter which has since settled, and the merits of which are not currently before this court. Instead, this case deals with the purported hybrid attorney-client hourly/contingency-fee agreement entered into by Lazaro and Braman for representation during the probate suit. At the conclusion of the probate proceedings, Braman filed a declaratory action under the Uniform Declaratory Judgments Act, in an effort to determine what her rights and obligations were, if any, under the employment agreement with Lazaro.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001–.011 (West 2008).   Lazaro was paid $37,500.00 in attorney's fees at the conclusion of the probate proceedings, but subsequently demanded more money from Braman pursuant to the attorney-client agreement.

Braman attempted to obtain written discovery from Lazaro during the declaratory action, but was unsuccessful.[3]   Following nearly a year of unresponsive discovery and unproductive case activity, Braman filed a motion for no-evidence summary judgment and requested the trial court to declare that Braman owed nothing more than the $37,500 already paid to Lazaro from the probate representation.

The trial court granted Braman's no-evidence summary judgment and found that:

(1) Adequate time for discovery had passed;

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

[3] Discovery issues during the declaratory action included two successful motions to compel and a motion for sanctions brought by Braman against Lazaro.

2

(2) Braman's motion for no-evidence summary judgment was filed on October 21, 2010 with certificate of service on October 20, 2010, which was more than the requisite twenty-one days before the hearing on November 18, 2010, *see* TEX. R. CIV. P. 166a(c);

(3) Lazaro failed to file a response and summary judgment evidence at least seven days before the hearing and did not obtain leave of court to file a late response, *see id.*

(4) Lazaro failed to show good cause for filing a late amended response on the day of the hearing; and

(5) No evidence of a valid and enforceable written contingency fee contract, hourly contract, or any other outstanding attorney fees claimed to be owed was presented, making Braman owe nothing further to Lazaro.

Lazaro appeals the ruling.

## II.    APPLICABLE LAW AND STANDARD OF REVIEW

"A no-evidence summary judgment is equivalent to a pretrial directed verdict and, in reviewing the granting of a no-evidence summary judgment, this Court applies the same legal sufficiency standard as applied in reviewing directed verdicts." *Zapata v. Children's Clinic*, 997 S.W.2d 745, 747 (Tex. App—Corpus Christi 1999, pet. denied) (citing *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied)).   Texas Rule of Civil Procedure 166a provides the following procedure for no-evidence motions:

> After adequate time for discovery, a party without presenting summary
> judgment evidence may move for summary judgment on the ground that

3

there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

*See* TEX. R. CIV. P. 166a(i).

Accordingly, we review the evidence presented in the light most favorable to the non-movant against whom the no-evidence summary judgment was rendered, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *Zapata*, 997 S.W.2d at 747. A no-evidence point will be sustained on review when the record reveals "(a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact." *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (quoting Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63 (1960)).

### III. DISCUSSION

In his sole issue, Lazaro argues that the trial court erred in granting Braman's no-evidence motion.

As a threshold matter, we must determine whether Lazaro timely filed a response to Braman's no-evidence motion for summary judgment. In his brief, Lazaro argues that he filed a "Response to Plaintiff's No-Evidence Motion for Summary Judgment" with the Refugio County District Clerk via first-class mail on November 11, 2010. This

4

argument is unsupported by the record.[4]   Our review of the clerk's record as well as the civil docket sheet does not indicate that such a filing was made or received by the clerk. Accordingly, Lazaro's response was not properly before the trial court to consider in making its ruling.   *See generally Landers v. State Farm Lloyds*, 257 S.W.3d 740, 744 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (noting that a trial court did not err in not considering an untimely response to a no-evidence motion for summary judgment that was unsupported by the record).

Rule 166a states that a respondent may not file a written response to a movant's motion for summary judgment later than seven days prior to the day of the hearing, except on leave of court.   *See* TEX. R. CIV. P. 166a.   The only responsive pleading in the record is "Defendant's First Amended Response to Plaintiff's No-Evidence Motion for Summary Judgment," filed November 18, 2010—the day of the hearing—without a corresponding motion or order for leave of court to file it.   Therefore, because Lazaro's amended response was filed less than seven days prior to the day of the hearing, without leave of court, we conclude it was untimely and also not properly before the trial court at the hearing.   *See Atchley v. NCNB Tex. Nat'l Bank*, 795 S.W.2d 336, 337 (Tex. App.—Beaumont 1990, writ denied).   Accordingly, the trial court did not err in granting

---

[4] Lazaro attached an affidavit to his brief signed by his legal assistant, Virginia M. Martinez, indicating that copies of his response to Braman's no-evidence motion for summary judgment were sent to opposing counsel as well as to the Refugio County District Clerk's office.   However, we will not consider this affidavit because attachments to a brief that are not formally included in the record cannot be considered on appeal.   *See Tex. Dep't. of Transp. v. Perches*, 339 S.W.3d 241, 254 (Tex. App.—Corpus Christi 2011, no pet.); *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.); *Till v. Thomas*, 10 S.W.3d 730, 734 (Tex. App.—Houston [1st Dist.] 1999).

Braman's motion for no-evidence summary judgment without considering the untimely first-amended response. *See Landers*, 257 S.W.3d at 744.

Lazaro requests, in the alternative, that if we conclude that his amended response was untimely and not properly before the trial court, we should grant his motion for leave to file a late summary judgment response because it was "impossible" for him to request one from the trial court since he was operating on the belief that his initial response was properly filed. We are not persuaded by this reasoning.[5] Our review is limited to the record—not the subjective beliefs of the parties. *See* TEX. R. CIV. P. 166a(c). The record firmly establishes that Lazaro did not obtain leave from the trial court to file his untimely amended response. *See* TEX. R. CIV. P. 166a(c); *Atchley*, 795 S.W.2d at 337.

Finally, Lazaro argues that he has satisfied his burden to defeat Braman's motion for no-evidence summary judgment by proving the existence of a contract of employment. We disagree. In a motion for no-evidence summary judgment, the non-movant must produce summary judgment evidence which raises "a genuine issue of material fact to defeat the summary judgment." TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Here, Lazaro failed to meet his burden because he did not offer any summary judgment evidence to raise a genuine issue of material fact by producing more than a scintilla of evidence establishing the existence of a challenged element. *See Ford*, 135 S.W.3d at 600. As discussed previously in this opinion, Lazaro's only responsive pleading to Braman's motion for summary judgment

---

[5] Lazaro's reliance on *Carpenter v. Cimarron Hydrocarbons Corp.* is misguided because that appeal involved review of the trial court's denial of a non-movant's motion for leave to file a late response to a motion for summary judgment. 98 S.W.3d 682, 686–87 (Tex. 2002). Here, Lazaro did not file a motion for leave, and thus no issue is preserved for our review. *See* TEX. R. APP. P. 33.1(a).

was untimely and not properly before the trial court to consider in its ruling. *See Atchley*, 795 S.W.2d at 337. Accordingly, we conclude that the trial court did not err in its ruling. Lazaro's sole issue is overruled. *See Ford*, 135 S.W.3d at 600; *City of Keller*, 168 S.W.3d at 810 (holding that a no-evidence ruling must be sustained if "the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact").

## IV. CONCLUSION

The trial court's judgment is affirmed.


_____
GINA M. BENAVIDES,
Justice


Delivered and filed the
26th day of July, 2012.

7