**Opinion issued April 3, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00089-CV

————————————

**THE ESTATE OF ADAM BOYD KNETSAR, TRACY NICOLE KNETSAR, AMBER LYNN KNETSAR, LESLIE P. KNETSAR, AND RONALD B. KNETSAR, Appellants**

**V.**

**AAA ASPHALT PAVING, INC., Appellee**

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2007-45917**

---

## MEMORANDUM OPINION ON REHEARING

On June 27, 2013, the Court issued an opinion in the above-referenced case.

Appellants have filed a motion for rehearing. We deny the motion for rehearing,

but we withdraw our June 27, 2013 opinion and issue this opinion in its stead. Our disposition and judgment remain unchanged.

The Estate of Adam Boyd Knetsar, Tracy Nicole Knetsar, Amber Lynn Knetsar, Leslie P. Knetsar, and Ronald B. Knetsar appeal the trial court's grant of summary judgment in favor of AAA Asphalt Paving, Inc. on their gross negligence claim. In one issue, appellants contend that the trial court erred in granting summary judgment because genuine issues of material fact exist. We affirm.

## Background

This appeal involves a wrongful death action filed against several defendants arising from the death of Adam Knetsar on October 24, 2006.[1] Appellants sued appellee, Knetsar's employer, alleging gross negligence under section 408.001 of the Texas Labor Code.[2]

On December 8, 2009, appellee filed its Fourth No-Evidence Motion for Summary Judgment on appellants' claim and set the motion for submission on January 4, 2010. On January 6, 2010, the trial court ordered that appellee (1) reset

---

[1]   Appellants' claims against the other named defendants were previously resolved and are not relevant for purposes of this appeal.

[2]   The Texas Workers' Compensation Act provides the exclusive remedy and means of recovery for a covered employee who is killed or injured while working for his employer. *See* TEX. LAB. CODE ANN. § 408.001 (West 2006). It does not, however, bar an action for exemplary damages based on the employer's intentional tort or gross negligence. *See id.* § 408.001(b); *Smith v. Atlantic Richfield Co.*, 927 S.W.2d 85, 87 (Tex. App.—Houston [1st Dist.] 1996, writ denied).

submission of its summary judgment motion for February 1, 2010, (2) file an amended notice, and (3) present its president, Michael Dennis Hoffman, for deposition during the week of January 11, 2010. In accordance with the court's order, appellee filed an amended notice resetting submission of its motion to February 1, 2010. Appellants deposed Hoffman on January 14, 2010.

On February 5, 2010, appellants filed their response to appellee's fourth no-evidence summary judgment motion. On February 9, 2010, the trial court granted appellee's motion. Appellants filed a motion for new trial which was subsequently overruled by operation of law. Appellants timely filed this appeal.

### Standard of Review

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523-24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

Although an oral hearing on a motion for summary judgment is not mandatory, notice of hearing or submission of a summary judgment motion is

required.  *See Martin v. Martin, Martin, & Richards, Inc*., 989 S.W.2d 357, 359 (Tex. 1998).  The rules of civil procedure afford the nonmovant twenty-one days' notice before a summary judgment hearing.  TEX. R. CIV. P. 166a(c).  The nonmovant may "file and serve opposing affidavits or other written response" not later than seven days before the hearing date.  *Id.*  A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements of the claim.  TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

## Discussion

In their sole issue, appellants contend that the trial court erred in granting appellee's no-evidence motion because appellants' response and summary judgment evidence properly raised genuine issues of material fact precluding summary judgment.  Appellee contends that summary judgment was proper because appellants filed their response late and did not request permission from the court to file a late response.  Appellee also asserts that the trial court properly granted their summary judgment motion because there was no evidence of gross negligence and because appellants failed to designate experts to testify regarding their gross negligence claim.

4

The record reflects that appellee filed its fourth no-evidence summary judgment motion on December 8, 2009. On January 6, 2010, the trial court ordered that appellee's motion be reset for February 1, 2010, and that appellee file an amended notice. On January 8, 2010, appellee reset the motion for February 1 and filed an amended notice.

Texas Rule of Civil Procedure 166a(c) provides that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." TEX. R. CIV. P. 166a(c). Thus, appellants were required to file their response to the motion no later than seven days prior to the submission date, or by January 25, 2010. Appellants filed their response on February 5, 2010—eleven days after their response deadline—without first having sought leave to file an untimely response. Further, the record does not indicate that the trial court granted appellants leave to late-file their response.

Appellants argue that they requested a hearing on appellee's motion, and that the trial court clerk set the hearing for February 12, 2010. Appellants' counsel asserts that the clerk subsequently emailed him informing him that she should not have set the hearing on February 12. Thus, appellants argue, they relied on the clerk's representation that the motion was set for hearing on February 12, and they timely filed their summary judgment response, which included a written notice of

hearing, on February 5. In an email to appellants' counsel dated February 4, the clerk stated "[t]here was an order signed 1-6-2010 continuing the MSJ to 2-1-10, so the MSJ remains on the submission docket unless the Court says otherwise. I apologize for any confusion." On February 5, in an email to the clerk expressing his confusion regarding her email, appellants' counsel stated, "[a] full week prior to February 1, I came to your office to set a hearing on [opposing counsel's] motion for summary judgment . . . ." However, one week prior to February 1 was January 25, the date appellants' response was due. Thus, at a minimum, appellants should have requested permission to file their response late at that time. However, appellants did not seek leave from the court to late-file their response until they filed their summary judgment reply on February 11.[3] *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996) ("Summary judgment evidence may be filed late, but only with leave of court."). Further, the trial court's order granting summary judgment states that the court considered "the No-Evidence Motion for Summary Judgment filed by Defendant AAA Asphalt, Inc.," but it makes no mention of appellants' response.

If there is no affirmative evidence in the record indicating that a late-filed summary judgment response was filed with leave of court, we must presume that the trial court did not consider the response, and therefore, we cannot consider it on

---

[3] Appellants requested leave from the trial court to file their summary judgment response in paragraph VI of their summary judgment reply filed on February 11.

6

appeal. *Id.* Absent a response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i). *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Michael v. Dyke*, 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.) ("[f]ailure to respond to a no-evidence motion is fatal"). Accordingly, the trial court did not err in granting appellee's fourth no-evidence motion for summary judgment without considering appellants' untimely response. *See Atchley v. NCNB Tex. Nat'l Bank*, 795 S.W.2d 336, 337 (Tex. App.—Beaumont 1990, writ denied) ("Untimely responses to motions for summary judgments are not properly before a trial court at a hearing on such motion."). We overrule appellants' issue.

## Conclusion

We affirm the trial court's judgment.


Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Justice Huddle, concurring in judgment only.