Sydney **BONHAM and Ward Fairchild, Appellants,**

v.

**David C. FLACH, Appellee.**

No. 04–87–00363–CV.

Court of Appeals of Texas, San Antonio.

Jan. 27, 1988.

---

691

William Keaton Blackburn, Junction, for appellants.

Edwin H. White, Rocksprings, for appellee.

Before BUTTS, REEVES, and CHAPA, JJ.

CHAPA, Justice.

This suit arises out of the termination of employment of appellee, David C. Flach, from the Edwards County, Texas, road department.

Appellee brought suit against:

a) Neville G. Smart, Jr., individually and as County Judge of Edwards County, Texas;

b) Tony Villarreal, individually and as Commissioner of Precinct No. 1, Edwards County, Texas;

c) Gene Borchardt, individually and as Commissioner of Precinct No. 2, Edwards County, Texas;

d) Sidney Bonham, individually and as Commissioner of Precinct No. 3, Edwards County, Texas;

e) Bill Mitchell, individually and as Commissioner of Precinct No. 4, Edwards County, Texas;

f) Ward Fairchild, individually and as county road superintendent of Edwards County, Texas; and

g) Edwards County, Texas.

All of the defendants with the exception of Bonham, Fairchild, and Edwards County, Texas were dismissed prior to the case being submitted to the jury.

Although various causes of action are alleged in the pleadings, the basic cause of action is tortious interference with appellee's contract of employment with the county road department. The jury findings were favorable to appellee. The jury found actual damages in the amount of $3,300.00; that Fairchild acted maliciously and awarded $3,500.00 in exemplary damages against him; that Bonham acted maliciously and awarded $10,000.00 in exemplary damages against her; and granted appellee $8,600.00 in attorney's fees. However, the trial court granted Edwards County, Texas a *non obstante veredicto* judgment based upon the doctrine of sovereign immunity. After granting a motion to disregard the jury finding on attorney's fees, the court entered judgment against appellants Fairchild and Bonham, who have perfected this appeal.

The issues before this court are that:

1) the trial court erred in overruling the motion for instructed verdict and *non obstante veredicto* because there was no evidence that Fairchild and Bonham acted in their individual capacity;

2) the record contains no evidence or insufficient evidence to sustain the verdict against Fairchild and Bonham in their individual capacity;

3) the record contains no evidence or insufficient evidence to sustain the verdict against Fairchild and Bonham as to exemplary damages.

Appellee has cross-assigned error in connection with attorney's fees.

Appellants' initial complaint is that the court erred in not granting an instructed verdict or a *non obstante veredicto* judgment in favor of Fairchild and Bonham.

In an instructed case, our task is to determine whether there is any evidence of probative force to raise fact issues on the material questions presented. Upon review, we must consider all of the evidence in its most favorable light in support of the plaintiff's position and discard all contrary evidence and inferences. *Anderson v. Moore*, 448 S.W.2d 105 (Tex. 1969); *Triangle Motors of Dallas v. Richmond*, 152 Tex. 354, 258 S.W.2d 60 (1953).

*Henderson v. Travelers Insurance Company*, 544 S.W.2d 649, 650 (Tex.1976). A motion for judgment *non obstante veredicto* should be granted only when a directed verdict would have been proper. TEX.R. CIV.PROC. 301.

In acting on the motion, all evidence must be considered in a light most favorable to support the jury verdict, and 'every reasonable intendment deducible from the evidence' is to be indulged in favor of the verdict. *Douglass v. Panama, Inc.*, 504 S.W.2d 776, 777 (Tex. 1974); *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547 (1962). Only the evidence and inferences therefrom that support the jury finding should be considered, with all contrary evidence and inferences being rejected. *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194 (1952).

*Dodd v. Texas Farm Products Company*, 576 S.W.2d 812, 814 (Tex.1979).

■ In the motions for instructed verdict and judgment *non obstante veredicto*, appellants argued that they were acting in an official capacity when they discharged appellee, and they therefore enjoy official immunity. *Bagg v. University of Texas Medical Branch at Galveston*, 726 S.W.2d 582, 586 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Kelly v. Galveston County*, 520 S.W.2d 507, 513 (Tex.Civ.App. —Houston [14th Dist.] 1975, no writ). However, official immunity only shields persons from suits complaining of official

acts. Persons can still be sued in their individual capacities for wrongful unofficial acts. *Bagg v. University of Texas Medical Branch of Galveston*, 726 S.W.2d at 586. Therefore, the question before this court is whether there is evidence of probative force in the record that appellants committed acts in discharging appellee which could not have been within the scope of their official duties.

*Kelly v. Galveston County*, involved a summary judgment granted by the trial court in favor of the defendant public officials. In reversing, the court of appeals held that the summary judgment was not proper since plaintiff alleged a conspiracy on the part of the public officials to have plaintiff dismissed, actions which exceeded the legitimate bounds of their office, and the public officials did not sufficiently controvert the allegation in their summary judgment evidence.

■ The evidence in the record, considered in the light most favorable to the verdict, which tends to support a conspiracy between Fairchild and Bonham to cause appellee's dismissal is:

1) that Fairchild's immediate supervisor was Bonham;

2) that Fairchild and Bonham worked together and consulted often;

3) that Fairchild and Bonham disliked Flach;

4) that both Fairchild and Flach applied for the job of road superintendent;

5) that Bonham nominated Fairchild for the position and opposed Flach;

6) that before the Commissioners Court, Bonham failed to fully disclose all the facts pertaining to an incident involving Flach and his qualifications for road superintendent;

7) that Fairchild was appointed road superintendent on October 15, 1985;

8) that on October 29, 1985, Fairchild and Bonham, without authority to discharge Flach, prepared a letter purporting to terminate Flach's employment, citing reasons which did not constitute "just cause";

9) that on November 15, 1985, the Commissioners Court upheld the firing of Flach.

The point is overruled.

In the next point, appellants contend the record contains no evidence or insufficient evidence to sustain the verdict. Specifically, appellant argue that there is no evidence or insufficient evidence which establishes that they individually tortiously interfered with appellee's contract of employment.

■ To maintain a cause of action for tortious interference with a contract, it must be established that 1) there was a contract subject to interference, 2) the act of interference was willful and intentional, 3) such intentional act was a proximate cause of plaintiff's damages, and 4) actual damage or loss occurred. *Armendariz v. Mora*, 553 S.W.2d 400, 404 (Tex.Civ.App.— El Paso 1977, writ ref'd n.r.e.).

In determining a no evidence point, appellate courts consider only the evidence supporting the jury's finding in its most favorable aspect and give effect to all reasonable inferences which may be properly drawn therefrom. In determining factually insufficient evidence points such courts consider the evidence supporting the jury finding and determine whether its probative effect is of sufficient strength to support the finding. And further, in determining factual insufficiency all evidence will be considered by courts of appeals to determine whether the jury's finding is so contrary to the great weight and preponderance of the evidence as to be unjust. *Dolenz v. Continental National Bank of Fort Worth*, 620 S.W.2d 572, 576 (Tex.1981); *Elliot v. Great National Life Insurance Co.*, 611 S.W.2d 620, 621 (Tex.1981); *In re King's Estate*, 150 Tex. 662, 244 S.W. 2d 660, 661 (1951); Calvert, *'No Evidence' and 'Insufficient Evidence' Points of Error*, 38 TEX.L.REV. 361 (1960).

*Steinmetz & Associates, Inc. v. Crow*, 700 S.W.2d 276, 278 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

■ The record reflects evidence that Flach had a contract of employment with Edwards County that was subject to interference; that he was hired in 1983 with a promise that he would have the job as long as he did his work; that the appellants, who disliked Flach, consulted together and willfully and intentionally without authority or "just cause" initiated Flach's discharge, hiring immediately a relative of Fairchild to replace Flach; that such improper acts of the appellants were a proximate cause of Flach's loss of his employment, income, and benefits.[1] We find that there was probative evidence to support a finding of tortious interference and that the evidence was not so insufficient as to "shock the conscience." *Pool v. Ford Motor Company*, 715 S.W.2d 629 (Tex.1986). The second point of error is overruled.

In their final point, appellant contend the record contains no evidence or insufficient evidence to sustain the award of exemplary damages.

■ Actual malice is a necessary element to sustain an award of exemplary damages. *Amendariz v. Mora*, 553 S.W.2d at 407.

> As suggested in *Clements v. Withers*, [437 S.W.2d 818 (Tex.1969)] the problem presented is the distinction between the intent on the part of the Defendant to contract favorably and profitably among themselves knowing that they were going to cause a breach of the Plaintiff's contract which would be a wrong and a basis for actual damages. Or, on the other hand, were the motives and purposes on the part of the Defendants those of acting with 'ill-will, spite, evil motive, or purposing the injury of another.'

*Armendariz v. Mora*, 553 S.W.2d at 407.

■ The record reflects evidence that the appellant disliked appellee; initiated unauthorized actions to discharge Flach in what appears to be retaliation for Flach opposing Fairchild for the supervisor's job; improperly discharged Flach without just cause; and pursued their improper attempt to discharge Flach, obtaining his discharge by the Commissioners Court. Applying the appropriate standard of review, we find the evidence sufficient to justify the award of exemplary damages.

Appellants also contend that the evidence does not support the finding of exemplary damages since there was no proof establishing the amount of exemplary damages.

■ Exemplary damages are intended to punish defendants and to set example to others. They are assessed over and above the amount of damages necessary to indemnify the plaintiff. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 555–56 (Tex.1985). The amount to be awarded rests largely in the discretion of the jury, and unless the award is so large as to indicate that it is the result of passion, prejudice or corruption, or that the evidence has been disregarded the verdict of the jury is conclusive and will not be set aside on appeal. *Bond v. Duren*, 520 S.W.2d 460, 463 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.). Exemplary damages were authorized by the record and we find the amount awarded is not excessive. The point is overruled.

By cross-point, appellee complains of the trial court's holding that appellee was not entitled to recover attorney's fees because "the evidence gave no breakdown of the time expended by [appellee's attorney] on the unsuccessful claim against the Defendant County and the successful claim against the two individual Defendants. Thus, the evidence fails to support an award of attorney's fees against the individual Defendants." There being no limitation in connection with appellants' appeal from the judgment below, we must consider the cross-point of error. *Hernandez v. City of Fort Worth*, 617 S.W.2d 923, 924 (Tex.1981); *Brown v. Cox*, 459 S.W.2d 471, 474 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). Further, no com-

---

1. The jury found in Special Issue No. 3 that Edwards County required that employees be discharged only for good cause. In Special Issue No. 4, the jury found that Flach was not discharged for good cause. Appellants do not challenge these findings on appeal.

plaint has been made to appellee assigning the cross-point on appeal.

 The special issue on attorney's fees requested the jury to find appellee's fees for the entire case. Appellants failed to object to the special issue. Appellants, therefore, waived any complaint that the trial court allowed the jury to consider and award attorney's fees not associated with appellee's successful claim. *Matthews v. Candlewood Builders, Inc.*, 685 S.W.2d 649 (Tex.1985). The cross-point is sustained.

The judgment as to attorney's fees is reversed and rendered in accordance with the jury finding. The judgment is affirmed in all other respects.