ALICE ROOFING AND SHEET
METAL WORKS, INC.,
Appellants,

v.

Lee Roy HALLEMAN, Appellee.

No. 04–88–00597–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1989.

David Naworski, Bailey & Shaw, San Antonio, for appellants.

Paul M. Green, Green & McReynolds, San Antonio, for appellee.

Before REEVES, PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a summary judgment. Appellant corporation brought this suit against appellee, Lee Halleman, who was formerly the sole shareholder of appellant, to recover an alleged corporate debt. Appellee filed a motion for summary judgment claiming that no debt was created by the transaction in question, and that appellant's claims are barred by the four-year Statute of Limitations. TEX.R.CIV.PRAC. & REM.CODE § 16.004. The trial court granted the motion for summary judgment and this appeal followed.

Appellant's original petition [1] was filed in December 1987 and alleged, in summary, the following cause of action: That on January 27, 1973, the appellant, a Texas Corporation chartered in 1971, borrowed the principal sum of $98,000.00 from the Alice National Bank, repayable in thirty-six (36)

---

1. The only pleadings of appellant that are properly available for consideration on appeal include Plaintiff's Original Petition and Plaintiff's Response to Motion for Summary Judgment and Motion to Dismiss. Plaintiff's first and second amended petitions were not timely filed and leave of trial court was neither requested nor granted. TEX.R.CIV.P. 63. Moreover, paragraphs V, VI, and VII of Plaintiff's Original Petition were struck by the court pursuant to special exceptions and plaintiff failed to timely replead.

monthly installments; that the loan was repaid by appellant corporation using corporate funds; and that the borrowed funds were corporate funds but were used by appellee, the sole shareholder of the Corporation, for non-corporate expenditures, thus making appellee indebted to appellant corporation for such amount.

The record shows that in March 1984, appellee sold the corporation to Mr. A.R. Armstrong and Mr. Ray Gonzales, each of whom held 10% of the corporate stock for several years prior to their 1984 purchase. In oral argument both appellant and appellee acknowledged that Armstrong and Gonzales had no stock ownership at the time of the 1973 transaction in question.

Appellant alleges that no proper summary judgment evidence was before the court. Appellant further contends that material facts remained at issue regarding whether the 1973 debt sued upon was a corporate debt and whether appellee's concealment of the debt at the time of the 1984 sale of the corporate records prevented the Appellant's discovery of this alleged debt, thereby tolling the Statute of Limitations.

The dispositive issue on appeal is whether appellant established limitations as a matter of law.

Appellee has pled the statute of limitations as an affirmative defense and appellant has alleged the discovery rule in an attempt to avoid the statute of limitations. As movant for summary judgment, appellee had the burden to establish limitations and negate the discovery rule as a matter of law. *Weaver v. Witt,* 561 S.W.2d 792 (Tex.1977).

■ Appellant argues that the statute of limitations was tolled because at the time of the 1984 sale of the Corporation, appellee concealed documents which evidenced the alleged 1973 debt and, consequently, were not discovered by the new owners, Mr. Armstrong and Mr. Gonzales, until 1987. However, it is clear from the record that the corporation is the plaintiff in this action, not Mr. Armstrong and/or Mr. Gonzales. Further, it is undisputed that the transaction upon which this suit is based took place in 1973, when appellee

was the sole shareholder of the corporation. A corporation is merely a legal fiction and can only act through its agents. *Underwriters Life Ins. v. Cobb,* 746 S.W.2d 810, 821 (Tex.App.—Corpus Christi 1988, no writ). A corporation has no consciousness, except for that of its agents. Therefore, when the 1973 transaction took place, the Corporation had full knowledge of the transaction because it was acting through appellee, its agent. Later, when Armstrong and Gonzales became shareholders and officers of the corporation, they, as individuals, became aware of what the corporation "knew" all along and from the beginning in 1973. We hold that this later-acquired knowledge by new and subsequent corporate shareholders and officers does not constitute new knowledge to the corporate entity within the meaning of the discovery rule and cannot be used to defeat a statute of limitations defense. To hold otherwise would open a "Pandora's Box" of litigation by corporate successors to the misfortune of those who have done business with corporate predecessors.

We find that appellant's pleadings, contained in its 1987 suit, acknowledge that the transaction complained of occurred in 1973, more than four years prior to the filing of this lawsuit, and that the claim is based on an alleged debt. We therefore hold that the four-year statute of limitations is applicable and began to run in 1973 and ended in 1977. TEX.CIV.PRAC. & REM.CODE § 16.004.

■ We are next presented with the question of whether the appellant, under the instant circumstances, may be denied the opportunity to amend its pleadings because they were attacked via a summary judgment motion instead of a special exception. It is recognized that a party may plead himself out of court; e.g., the plaintiff may plead facts which affirmatively negate his cause of action. *See e.g., Morris v. Hargrove,* 351 S.W.2d 666 (Tex.Civ. App.—Austin 1961, writ ref'd n.r.e.), and *Schroeder v. Texas & Pacific Ry. Co.,* 243 S.W.2d 261 (Tex.Civ.App.—Dallas 1951, no writ). In such instance it is proper to grant the defendant's motion for summary judg-

871

ment. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 7 (Tex.1974).

In the present case we hold that summary judgment was proper because any trial amendment could not cure the facts previously plead where such facts affirmatively negated appellant's cause of action.

Appellant's points of error are overruled and judgment is affirmed.