**Wanda Idlebird WASHINGTON,
Appellant,**

v.

**CITY OF HOUSTON and Dr. Patrick
A. Titus, Appellees.**

**No. 06–93–00054–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted March 14, 1994.

Decided March 29, 1994.

Matthew R. Muth, Kearney & Muth, Houston, for appellant.

Andrea Chan, Asst. City Atty., Houston, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Wanda Idlebird Washington sued the City of Houston and Dr. Patrick A. Titus for damages resulting from an alleged assault committed by Titus while he was an employee of the City's Central Health Clinic. The trial court rendered summary judgment in favor of the City and Titus on grounds of governmental and official immunity. On appeal, Washington contends that summary judgment was improper because it was supported only by pleadings. She also complains that the City and Titus failed to conclusively establish their respective claims of sovereign and official immunity.

On October 7, 1991, Titus examined Washington at the City's Central Health Clinic. Washington alleges that, while she was alone in the examination room with Titus, he told her to disrobe. She further alleges that Titus walked behind the privacy screen, watched her disrobe, grasped her pants and tried to help her undress, and during the examination continued to "leer" at her. She also stated that she told Titus she was embarrassed by his behavior, to which he replied that she had nothing to be embarrassed about because others "dirtier than her" had been on his examination table.

Washington filed suit against Titus and the City. She alleged that the City was negligent and grossly negligent in allowing Titus to examine patients without a nurse being present, in failing to supervise Titus, in failing to properly gather, review, and maintain investigative materials and records concerning Titus's background and credentials, and in failing to properly supervise Titus after learning that he examined female patients without a nurse being present. Washington alleged that Titus's acts constituted an assault against her. Washington claimed that as a result of the alleged acts of the City and Titus, she became sick and disabled and suffered injuries, pain, mental anguish, extreme humiliation, embarrassment, and marital difficulties.

■ The trial court's order granting summary judgment does not recite its bases. In such a case, the summary judgment will be affirmed if any of the grounds advanced in the motion for summary judgment is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). In this case the grounds advanced are sovereign and official immunity.

■ A defendant moving for summary judgment on the basis of an affirmative defense must prove conclusively all elements of the defense by uncontroverted summary judgment evidence. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). A defendant moving for summary judgment in that situation is in essentially the same position as a plaintiff moving for summary judgment. *See* 3 R. McDonald, Texas Civil Practice § 18:8(b) (rev. 1992). The defendant must bring forth uncontradicted summary judgment evidence on each element of the defense and, unless the defendant conclusively establishes the affirmative defense by doing so, the plaintiff has no burden to respond to the motion. If the defendant establishes the affirmative defense, the plaintiff then has the burden to adduce summary judgment evidence raising a fact issue with respect to at least one essential element of the affirmative defense. *Nichols v. Smith*, 507 S.W.2d 518, 520–21 (Tex.1974); *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied); *Palmer v. Enserch Corp.*, 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.). Alternatively, the plaintiff may defeat the motion if she adduces summary judgment evidence showing that the defendant's legal position is not sound. *Estate of Devitt*, 758 S.W.2d 601, 603 (Tex.App.—Amarillo 1988, writ denied).

■ Only issues expressly presented to the trial court by written motion, answer, or other response may be considered on appeal from a summary judgment. Tex.R.Civ.P. 166a(c). Moreover, only the evidence on file before the trial court at the time of the hearing on the motion for summary judgment may be considered. *Hush Puppy of Longview v. Cargill*, 843 S.W.2d 120, 122 (Tex.App.—Texarkana 1992, no writ). Additionally, if a response to a motion for summary judgment is not timely filed and nothing appears in the record to indicate that the

late filing was with leave of the court, the reviewing court will presume that the trial court did not consider that response. *Goswami v. Metropolitan Sav. and Loan,* 751 S.W.2d 487, 490 n. 1 (Tex.1988); *INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex. 1985). The party opposing the motion may file and serve affidavits or other written responses up to seven days prior to the hearing, and thereafter on leave of the court. TEX.R.CIV.P. 166a(c). The same seven-day deadline applies to discovery products the opponent of the motion plans to use at the hearing. TEX.R.CIV.P. 166a(d). Responses filed less than seven days before the hearing date without leave of court shown by the record are untimely and will not be considered by the reviewing court. *See Dunn v. Southwestern Bell Telephone Co.,* 860 S.W.2d 571, 574 (Tex.App.—El Paso 1993, writ denied); *Lazaro v. Univ. of Texas,* 830 S.W.2d 330, 331 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *Atchley v. NCNB Texas Nat'l Bank,* 795 S.W.2d 336, 337 (Tex.App.—Beaumont 1990, writ denied).

■ In this case, the trial court conducted a hearing on the motion for summary judgment on March 26, 1993. Washington relies on a transcript of a deposition taken from Titus on March 23, 1993 and her Second Amended Original Petition, filed on April 22, 1993, as summary judgment evidence. Titus's deposition, however, was not even taken until after the expiration of the deadline set out in Rule 166a(d). Nothing in the record indicates that the trial court gave leave to late-file the deposition. Thus, the deposition was not properly before the trial court and may not be considered by this court. *Lazaro v. Univ. of Texas,* 830 S.W.2d at 331. Washington's Second Amended Petition was not filed until almost a month after the hearing on the motion for summary judgment and may also not be considered by this court.

■ Washington correctly argues that pleadings, even if sworn to, do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Hidalgo v. Surety Sav. and Loan Ass'n,* 462 S.W.2d 540, 545 (Tex. 1971); *Russell v. Dep't of Human Resources,* 746 S.W.2d 510, 512–13 (Tex.App.—Texar-

kana 1988, writ denied). Nevertheless, a party may plead herself out of court by pleading facts that affirmatively negate her cause of action. *Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex.1974). Normally, in order to base summary judgment on the failure to state a cause of action, the defendant must specially except to the pleading deficiency and the plaintiff must be given an opportunity to amend. But where the plaintiff's pleadings themselves establish the lack of a valid cause of action, such as the fact that the statute of limitations has run, or if the pleadings allege facts that, if proved, establish governmental immunity, pleadings alone can justify summary judgment and special exceptions are not required. *See Alice Roofing & Sheet Metal v. Halleman,* 775 S.W.2d 869, 870–71 (Tex.App.—San Antonio 1989, no writ); *Perser v. City of Arlington,* 738 S.W.2d 783, 784–85 (Tex.App.—Fort Worth 1987, writ denied).

■ Washington's pleadings established the City's status as a municipality and Titus's status as a City employee. Washington herself, then, established the general grounds for the defendants' immunity. In her responses and amended petition, Washington's only allegations concern the legal basis of the City's and Titus's claims. The affidavit of Cedric Washington was the only affidavit she presented. Although it attested to the facts of the incident in question, it is admittedly not based on personal knowledge and is therefore not valid summary judgment evidence. TEX.R.CIV.P. 166a(f). Washington did not respond to the defendants' motion for summary judgment with any summary judgment evidence sufficient to raise a fact issue with respect to the affirmative defense. *See Nichols v. Smith,* 507 S.W.2d 518, 520–21 (Tex.1974). The questions on appeal, then, are solely questions of law, and if the City and Titus conclusively established their right to the affirmative defenses of governmental and official immunity, summary judgment was proper.

To defeat the City's claim of immunity, Washington argues that the City's alleged failure to gather, review, and maintain proper records regarding Titus amounts to a use or condition of tangible personal property

that falls within the waiver of immunity for governmental entities found in the Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986). Had the City not been negligent, she contends, its officers would have noticed something in Titus's file that would have alerted them to his questionable character and to his propensity for questionable conduct with his patients. She contends that the City's negligence concerning Titus's personnel file was the proximate cause of her injuries.

As a municipality, the City is liable for tort claims only to the extent that its sovereign immunity has been waived by the Texas Tort Claims Act. *See Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 298 (Tex.1976); *Kerrville HRH v. City of Kerrville,* 803 S.W.2d 377, 381 (Tex.App.—San Antonio 1990, writ denied); *Weeks v. Harris County Hosp. Dist.,* 785 S.W.2d 169, 170 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

The section of the Texas Tort Claims Act that is applicable here provides:

§ 101.021. **Governmental Liability**

A governmental unit in the state is liable for:

. . . .

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

To defeat the City's claim for summary judgment, then, Washington's pleadings had to allege facts showing that the City's negligence was the proximate cause of her injuries and that the negligent conduct involved the use or condition of tangible personal property under circumstances where there would be private liability. *See Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d 30, 31–33 (Tex. 1983); *Wheeler v. Yettie Kersting Memorial Hosp.,* 866 S.W.2d 32, 45 (Tex.App.—Houston [1st Dist.] 1993, no writ).

■ If the claim involves the *condition* of the property, an allegation that defective or inadequate property was a contributing factor to the injury is required. *Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d at 32. If the claim is based on *use* of the property, an allegation that the injuries were proximately caused by the use of the property is required. *Id.* Courts have held that use of tangible property also includes nonuse of the property. *Weeks v. Harris County Hosp. Dist.,* 785 S.W.2d at 171.

■ In the recent case of *University of Texas Medical Branch v. York,* 871 S.W.2d 175, 177 (1994), the Supreme Court of Texas held that information that may or may not be recorded in a patient's medical records does not constitute tangible personal property within the meaning of Section 101.021(2) of the Texas Torts Claims Act. In this case, Washington contends that the negligent use or nonuse of information in the City's *personnel* files amounted to the use or misuse of tangible personal property. The only analogous support for Washington's position are cases such as *Texas Dep't of Mental Health and Mental Retardation v. Petty,* 848 S.W.2d 680, 686 (Tex.1992), which held that the use or nonuse of information in patients' medical records constituted the use or nonuse of personal property within the meaning of the Tort Claims Act. With the Supreme Court in *York* specifically disapproving such earlier holdings, both its own and those of the courts of appeals, Washington's position in this case has no logical basis and is contrary to current Supreme Court pronouncements. It is unlikely that the use of information in personnel files would be considered use of tangible personal property when the use of information in the *patient's own medical files,* which are directly related to examination and treatment, is not.

To hold that Washington's allegation states a claim under the Tort Claims Act would expand the statute to the point that a plaintiff could characterize almost any act or omission as involving the use of tangible property. *Lowe v. Harris County Hosp. Dist.,* 809 S.W.2d 502, 504 (Tex.App.—Houston [14th Dist.] 1989, no writ). All governmental entities maintain personnel files on their employees, and anyone injured by a governmental employee can very easily make the allegation that, had the government entity been more careful in its preparation and investigation of the employee's personnel file, it would have found something that would

have alerted it to a danger in hiring and/or supervising the employee. We hold that the use or nonuse of information in or missing from Titus's personnel records is not the use or nonuse of tangible personal property within the meaning of the Tort Claims Act. Thus, Washington has not stated a cause of action against the City under Section 101.-021(2).

Washington relies on *Young v. City of Dimmitt,* 787 S.W.2d 50 (Tex.1990), and *Delaney v. Univ. of Houston,* 835 S.W.2d 56 (Tex.1992), to support her claim that a governmental unit may be liable for negligence that leads to intentional torts committed by other employees it supervises. Her reliance on *Young* is misplaced. She must still show that the City's negligence involves the use or condition of tangible personal property under Section 101.021(2) of the Texas Tort Claims Act to state a cause of action.

Washington's reliance on *Delaney* is also misplaced. The Supreme Court in *Delaney* did not address the issue of whether Delaney's negligence claims fell within the waiver provisions of the Tort Claims Act.[1] *Delaney v. Univ. of Houston,* 835 S.W.2d at 60–61. The court noted that TEX.CIV.PRAC. & REM. CODE ANN. § 101.057(2) (Vernon 1986) expressly bars claims against governmental entities based on their employees' intentional torts. The court held that Section 101.057(2) does not apply to cases where *the tortfeasor is not a governmental employee,* a situation not present here.

The City of Houston conclusively established its right to sovereign immunity. Summary judgment in its favor was proper.

■■■ Washington also argues that the trial court erred in granting summary judgment for Titus because he failed to conclusively establish his affirmative defense of official immunity. Whether public servants enjoy immunity from liability for their torts is a question distinct from that of the immunity of the sovereign itself. *Baker v. Story,* 621 S.W.2d 639, 643 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). The doctrine of official immunity protects public employees from

liability if (1) their position has "quasi-judicial" status, (2) they were acting in good faith, and (3) they were acting within their authority as a quasi-judicial employee. *See Campbell v. Jones,* 153 Tex. 101, 264 S.W.2d 425, 427 (1954); *Alanis v. Univ. of Texas,* 843 S.W.2d 779, 790 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Lazaro v. Univ. of Texas,* 830 S.W.2d at 332; *Eakle v. Texas Dep't of Human Services,* 815 S.W.2d 869, 875 (Tex.App.—Austin 1991, no writ); *Carpenter v. Barner,* 797 S.W.2d 99, 101 (Tex. App.—Waco 1990, writ denied); *Baker v. Story,* 621 S.W.2d at 644. The grant of immunity in these circumstances is based on established public policy that encourages persons to enter public service and perform their duties zealously, without fear of personal liability. *See, e.g., Alanis v. Univ. of Texas,* 843 S.W.2d at 790; *Carpenter v. Barner,* 797 S.W.2d at 101.

■■■ Quasi-judicial duties are those that involve discretion (personal deliberation and judgment) rather than those that are ministerial (merely carrying out orders). *Baker v. Story,* 621 S.W.2d at 645. Because of the difficulty in distinguishing between discretionary and ministerial positions, as most duties do involve some discretion, a number of courts have adopted the following governmental/occupational test. A governmental employee is a quasi-judicial official if he has duties uniquely different from an employee engaged in a similar practice in the private sector, or he exercises a function unique to the government. *See GAB Business Services, Inc. v. Moore,* 829 S.W.2d 345, 350–51 (Tex.App.—Texarkana 1992, no writ); *Christilles v. Southwest Texas State Univ.,* 639 S.W.2d 38, 42–43 (Tex.App.—Austin 1982, writ ref'd n.r.e.). Three courts of appeals have addressed the question of whether medical personnel who are not performing uniquely governmental functions, but are simply performing as doctors or nurses, are entitled to the protection of official immunity. All three courts have held that medical personnel in such circumstances are not quasi-judicial officials and are not entitled to official immunity. *Wheeler v. Yettie Kersting*

---

1. We note, however, that the alleged negligence of the governmental entity in *Delaney* was the failure to repair an item of tangible property, i.e., a door lock.

*Memorial Hosp.,* 866 S.W.2d at 48; *Hatley v. Kassen,* 859 S.W.2d 367, 374–75 (Tex.App.— Dallas 1992, writ granted); *Armendarez v. Tarrant County Hosp. Dist.,* 781 S.W.2d 301, 306 (Tex.App.—Fort Worth 1989, writ denied). These courts noted that the basic public policy underlying official immunity is not served where a government employee has the same duties as a person in the private sector and those duties are not uniquely governmental. *Armendarez v. Tarrant County Hosp. Dist.,* 781 S.W.2d at 309.

██ Washington, in her response to Titus's motion for summary judgment, correctly argued that Titus had not produced summary judgment evidence that he was engaged in a unique governmental function different from the duties of those practicing medicine in the private sector. No summary judgment proof shows that the duties of Titus are uniquely governmental or different from those of doctors in private practice. In his pleadings Titus merely asserted his alleged right, apparently on the basis of being an employee of the City, to governmental immunity. As the summary judgment proof fails to conclusively establish his entitlement to official immunity, he was not entitled to summary judgment.

In addition, Washington alleged that Titus committed the intentional tort of assault on her during the examination. It is hardly likely that committing an assault would be viewed as acting in good faith and acting within his quasi-judicial capacity, even if Titus were considered a quasi-judicial employee. "Official immunity only shields persons from suits complaining of official acts. Persons can still be sued in their individual capacities for wrongful unofficial acts." *Bagg v. Univ. of Texas Medical Branch,* 726 S.W.2d 582, 586 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *see Bonham v.*

*Flach,* 744 S.W.2d 690, 692–93 (Tex.App.— San Antonio 1988, no writ).

For the reasons stated, the judgment of the trial court is affirmed as to the City of Houston. As to Dr. Titus, the judgment is reversed and the cause is remanded for a trial on the merits.