# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00292-CV

**Richard Wagner, Individually and on behalf of Nationwide Mutual Texas Employees; and Linda M. Wagner, Appellants**

**v.**

**Nationwide Lloyds and Douglas Robinette, Appellees**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT NO. C-2006-1222C, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Richard Wagner and Linda M. Wagner appeal the trial court's dismissal of their claims against Nationwide Lloyds and Douglas Robinette. The trial court found that the Wagners failed to state a cause of action and that allowing the Wagners to amend their pleadings would not cure the defect. In four points of error, the Wagners contend that the trial court erred when it denied default judgment against Nationwide Lloyds and when it dismissed the Wagners' breach of fiduciary duty and fraud claims against Nationwide Lloyds. For the reasons that follow, we overrule the Wagners' points of error and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Richard Wagner is an attorney who was employed by Nationwide Mutual Insurance Company, and Linda Wagner is his wife. In 2006, Nationwide Mutual Insurance Company reached

a class action settlement with policyholders in a suit brought in the United States District Court of the District of Oregon by Ruslan Razilov, Sara Lapham, and Derek Lapham (the "Settlement"). The plaintiffs in that suit alleged that notices sent by Nationwide Mutual Insurance Company did not satisfy the requirements of the federal Fair Credit Reporting Act. *See* 15 U.S.C. § 1681 (2007). The settlement class did not include employees of Nationwide Mutual Insurance Company, and each member of the class received approximately $200 from the Settlement. Wagner received notice of the Settlement, but as an employee of Nationwide Mutual Insurance Company, he was not included in the settlement class.

Wagner thereafter sued Nationwide Lloyds alleging that Nationwide Lloyds improperly excluded him from the settlement class and failed to inform him of the pending class action and his right to bring similar claims. He pleaded that "Nationwide Lloyds is a Lloyds insuring company which is reinsured through Nationwide Insurance Company," but he did not address the relationship between Nationwide Lloyds and the defendant in the class action lawsuit, Nationwide Mutual Insurance Company. He also purported to represent a class of "Nationwide employees" who were excluded from the settlement class and their spouses.[1] After Nationwide Lloyds filed special exceptions, a motion to dismiss or for summary judgment, and an answer, Wagner moved for default judgment and, by a first amended petition, added Linda Wagner as a plaintiff and Douglas Robinette as a defendant.[2]

---

[1] The Wagners did not seek class certification. *See* Tex. R. Civ. P. 42. The only claims before the trial court, therefore, were their individual claims.

[2] The Wagners added Douglas Robinette in the first amended petition, but he was never served and, therefore, is not a party. In the amended petition, the Wagners alleged that Robinette was the president of Nationwide Lloyds but, according to Nationwide Lloyds, he is an underwriter.

After hearing arguments on Wagner's motion for default judgment and Nationwide Lloyds's special exceptions and motion to dismiss or for summary judgment, the trial court denied the motion for default judgment and granted Nationwide Lloyds's motion to dismiss the Wagners' claims with prejudice. The trial court concluded the Wagners failed to state a claim:

> Plaintiff's Original Petition (including Plaintiffs' First Amended Petition whether considered as an amended or supplemental petition) fails to state a claim and that such defect cannot be cured by amendment. Defendants are therefore entitled to dismissal with prejudice.

This appeal followed.

## ANALYSIS

### *Denial of Default Judgment*

In their first point of error, the Wagners contend that the trial court erred by not granting default judgment against Nationwide Lloyds. We review a trial court's ruling on a motion for default judgment under an abuse of discretion standard. *See Walker v. Gutierrez*, 111 S.W.3d 56, 63 (Tex. 2003); *Padrino Mar. Inc. v. Rizo*, 130 S.W.3d 243, 247-48 (Tex. App.—Corpus Christi 2004, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

A plaintiff may seek a no-answer default judgment against a defendant when the defendant fails to answer timely. *See* Tex. R. Civ. P. 99b, 239. Once the defendant files an answer, a plaintiff is no longer entitled to a no-answer default judgment. *Id.*; *see also Davis v. Jefferies*,

3

764 S.W.2d 559, 560 (Tex. 1989). Nationwide Lloyds timely filed its answer with the court on December 26, and Wagner filed his motion for default judgment on December 27. Because Nationwide Lloyds answered before Wagner filed his motion for default judgment, the trial court correctly denied Wagner's motion for default judgment.[3] We overrule the Wagners' first point of error.

***Trial Court's Dismissal with Prejudice***

The Wagners contend in their remaining points of error that the trial court erred in dismissing their breach of fiduciary duty and fraud claims.[4] In their second point of error, the Wagners contend that they should have been given an opportunity to amend their pleadings after the trial court sustained Nationwide Lloyds's special exceptions. Nationwide Lloyds in its special exceptions contended that the Wagners' pleadings were defective because they failed to state a cause of action. *See* Tex. R. Civ. P. 91; *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) ("The purpose of a special exception is to compel clarification of pleadings when the pleadings are

---

[3] Default judgment was not proper in any event because Nationwide Lloyds timely filed its answer. *See* Tex. R. Civ. P. 99b, 239. Wagner filed his petition on November 22, 2006, and served Nationwide Lloyds by certified mail on November 28. Nationwide Lloyd's answer was due the day it was filed, that is, Tuesday, December 26; the court was closed on Monday, December 25 for the Christmas holiday. *See* Tex. R. Civ. P. 4, 99b.

[4] To state a claim for breach of fiduciary duty, a plaintiff must prove that a fiduciary duty existed, that it was breached, and that the breach proximately caused damages. *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex. App.—Houston [14th Dist.] 2003, no pet.). To state a claim for fraud, a plaintiff must prove the defendant made a material representation that was false, the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth, the defendant intended to induce the plaintiff's reliance on the representation, and the plaintiff actually and justifiably relied upon the representation, thereby suffering injury. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

not clear or sufficiently specific or fail to plead a cause of action.") (citing *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998)).

When a trial court dismisses a case upon special exceptions for failure to state a cause of action, we review the dismissal *de novo*. *Butler Weldments Corp. v. Liberty Mut. Ins. Co.*, 3 S.W.3d 654, 658 (Tex. App.—Austin 1999, no pet.). In so doing, we accept "as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in the respondent's pleadings." *Id.* Generally, when a trial court sustains special exceptions, it gives the pleader an opportunity to amend to cure the defects. *See Baylor*, 221 S.W.3d at 635. When the pleading defect is of a type that amendment cannot cure, however, a trial court may dismiss without giving the pleader an opportunity to amend. *Id.*

Wagner alleged in his original petition that Nationwide Lloyds breached its fiduciary duty by failing to inform "Nationwide employees" of the pending class action lawsuit and excluding the employees from the settlement class "without providing notice or an opportunity to form a separate Class Action or provide the same settlement offered to non employees." He also alleged that the officers and directors of Nationwide Lloyds "were fraudulent because they did not advise Nationwide employees of their rights to bring a claim for violations of FRCA [Fair Credit Reporting Act] and the directors and officers received bonus based upon loss ratio goals which would have included the additional settlement and costs."[5] Wagner attached to his original petition, as an

---

[5] Wagner also alleged in his original petition that the actions of the directors and officers "were in violation of the Texas Insurance Code, the Texas Deceptive Trade Practices Act and also were violations of common law bad faith." The Wagners do not address these additional causes of action in their issues or briefing to this Court and have waived any error on appeal concerning these additional causes of action. *See* Tex. R. App. P. 38.1(e), (h); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) (failure to provide substantive analysis waives issue on appeal).

5

exhibit, a copy of the notice that he received concerning the Settlement.[6] The notice identified the settlement class as specifically excluding employees of Nationwide Mutual Insurance Company and further identified the defendant as Nationwide Mutual Insurance Company.

Nationwide Lloyds contends that the trial court correctly dismissed the Wagners' breach of fiduciary duty and fraud claims because (i) the Wagners admittedly had notice of the Settlement, (ii) Nationwide Lloyds, as a non-party, did not have a duty to assure that all potential plaintiffs were included as adverse parties in the Settlement, and (iii) Nationwide Lloyds does not have a legally cognizable duty to advise employees or would-be plaintiffs such as the Wagners of possible causes of action against Nationwide Lloyds. We agree with each of Nationwide Lloyds's contentions.

Wagner pleaded that he received notice of the Settlement.[7] The Wagners, therefore, cannot claim lack of notice as the basis for any claim against Nationwide Lloyds. *See Washington v. City of Houston*, 874 S.W.2d 791, 794 (Tex. App.—Texarkana 1994, writ denied) (party may

---

[6] The Wagners also filed a "First Amended Petition." The trial court states in its order of dismissal that it specifically considered both the original and amended petitions. The Wagners asserted breach of fiduciary duty in their amended petition, but did not assert the other causes of action that they included in the original petition. Consistent with the trial court, we consider both petitions.

[7] In response to Nationwide Lloyds's motion to dismiss or for summary judgment, Wagner provided an affidavit. He averred that he received notice of the class action and that the federal court did not allow him to intervene:

> I received a Notice to be included in the Ruslan Razilov Class Action lawsuit and sent a letter to the Nationwide attorneys requesting further information regarding the class. I subsequently accepted Class certification, but later Nationwide rescinded based upon the fact that I was a Nationwide employee. I requested the Federal District Court to allow me to intervene, however, I was not allowed to do so.

plead himself "out of court by pleading facts that affirmatively negate" cause of action). The Wagners also pleaded that Nationwide Lloyds was not a party to the Settlement by including the notice from the Settlement. The notice identified the settling defendant as Nationwide Mutual Insurance Company, not Nationwide Lloyds, and we accept the notice as part of the Wagners' pleadings as true. *See Butler*, 3 S.W.3d at 658; *Washington*, 874 S.W.2d at 794. As a non-party, Nationwide Lloyds did not have legally cognizable duties concerning the Settlement. *See Lucas v. Texas Indus. Inc.*, 696 S.W.2d 372, 374 (Tex. 1984) ("Generally, a court will not disregard the corporate fiction and hold a corporation liable for the obligations of its subsidiary except where it appears the corporate entity of the subsidiary is being used as a sham to perpetuate a fraud, to avoid liability, to avoid the effect of a statute, or in other exceptional circumstances.").[8]

The Wagners also fail to provide authority or support for their contention that a company breaches a fiduciary duty to its employees or commits fraud by failing to inform its employees that there is a pending class action suit with non-employees or that there are potential causes of action against the company. The law generally requires potential plaintiffs to be reasonably diligent about their own legal rights and does not require defendants to suggest potential causes of action to plaintiffs. *See Hodge v. Northern Trust Bank of Tex.*, 54 S.W.3d 518, 523 (Tex. App.—Eastland 2001, pet. denied) (a plaintiff must be "diligent in protecting his rights"); *Crabtree v. Ray Richey & Co.*, 682 S.W.2d 727, 728 (Tex. App.—Fort Worth 1985, no writ) (defendant has no duty to suggest potential causes of action to plaintiff). We conclude Nationwide

---

[8] The Wagners failed to address the relationship between Nationwide Lloyds and Nationwide Mutual Insurance Company.

Lloyds owed no cognizable duty to the Wagners to notify them of the class action, to insure the Wagners were included in the Settlement, or to advise the Wagners of possible causes of action against Nationwide Lloyds. The Wagners cannot allege facts that support a breach of fiduciary duty or fraud claim arising from Nationwide Lloyds's conduct concerning the Settlement, and allowing the Wagners to amend their pleadings would not have cured this pleading defect. *See Baylor*, 221 S.W.3d at 635. We overrule the Wagners' second point of error.

In their third and fourth points of error, the Wagners contend that the trial court erred in dismissing their breach of fiduciary duty claims with prejudice because Nationwide Lloyds breached its fiduciary duty "by failing to disclose pertinent financial information for use in determining whether or not to reject uninsured motorist coverage," and by the "failure to disclose discriminatory practices by [Nationwide Lloyds] in its use of credit for underwriting insurance policies." To preserve error, an appellant must raise and properly present the claim to the trial court. *See* Tex. R. App. P. 33.1. The Wagners failed to plead or raise their claims concerning uninsured motorist coverage and discriminatory practices in the use of credit scoring for underwriting insurance policies. Because the Wagners in their third and fourth points of error raise new claims that they did not plead or present to the trial court, we may not consider the claims on appeal. *Id.* We overrule the Wagners' third and fourth points of error.

## CONCLUSION

Because the Wagners failed to state a cause of action and such defect could not be cured by amending their pleadings, the trial court did not err in dismissing the Wagners' claims with prejudice. We overrule the Wagners' points of error and affirm the trial court's judgment.

8

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   February 27, 2008