ACCEPTED
05-19-00385-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/19/2019 11:18 AM
LISA MATZ
CLERK

No. 05-19-00385-CV

_____

IN THE TEXAS COURT OF APPEALS
FIFTH DISTRICT OF TEXAS AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/19/2019 11:18:13 AM
LISA MATZ
Clerk

_____

KIMBERLY D. HOGAN,
*Appellant,*

v.

ASPIRE FINANCIAL, INC. D/B/A ASPIRE LENDING,
*Appellee*

_____

On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Cause No. DC-18-01806

_____

APPELLEE'S BRIEF

_____

Donald E. Uloth
Texas Bar No. 20374200
don.uloth@uloth.pro
18208 Preston Rd. Suite D-9 # 261
Dallas, TX 75252
phone: (214) 725-0260
fax: (866) 462-6179

*Counsel for Appellee*

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of the parties to the trial court's final judgment, as well as the names and addresses of their trial and appellate counsel:

**Plaintiff/Appellant, Kimberly D. Hogan**

*Counsel for Plaintiff/Appellant in the Trial Court and the Court of Appeals:*

None – Plaintiff/Appellant was, and is, pro se.

**Defendant/Appellee, Aspire Financial, Inc. d/b/a Aspire Lending**

*Counsel for Defendant/Appellee in the Trial Court and the Court of Appeals:*

Donald E. Uloth
Texas Bar No. 20374200
18208 Preston Rd. Suite D-9 # 261
Dallas, TX 75252

# TABLE OF CONTENTS

Identity of Parties and Counsel ……………………………………….…. ii

Table of Contents ……………………………………….……………………. iii

Index of Authorities …………………………………………………….. iv

Statement of the Case ………………………………………………. 1

Statement Regarding Oral Argument ………………………………………….. 1

Issues Presented ………………………………………………………... 1

Statement of Facts ……………………………………………………... 2

Summary of the Argument ……………………………………………. 3

Argument ………………………………………………………………. 4

    Summary judgment based on limitations was
    proper because Plaintiff's petition alleged facts
    proving when her causes of action accrued ……………………………….. 4

    Summary judgment was proper on the claim for
    fraud in the sale of real estate because Plaintiff's
    petition negated the possible application of this claim …………………… 6

    Plaintiff failed to supply any summary judgment evidence
    in response to a proper no-evidence motion for summary judgment,
    so the trial court correctly granted the motion …………………………….. 7

Prayer ………………………………………………………………….. 8

Certificate of Service…………………………………………………... 8

Certificate of Compliance ……………………………………………….9

# INDEX OF AUTHORITIES

Cases                                                                                              Page(s)

Alice Roofing & Sheet Metal v. Halleman,
    775 S.W.2d 869 (Tex. App.—San Antonio 1989, no writ) ……………….. 4

Marketic v. U.S. Bank Nat'l Assoc.,
    436 F. Supp. 2d 842 (N.D. Tex. 2006) …………………………………… 6

Provident Life & Accident Ins. Co. v. Knott,
    128 S.W.3d 211 (Tex. 2003) …………………………………………… 5

Washington v. City of Houston,
    874 S.W.2d 791 (Tex. App.—Texarkana 1994, no writ) ………………….. 4

Statutes

TEX. BUS. & COMM. CODE § 17.46 *et seq.* ………………………………….. 5

TEX. BUS. & COMM. CODE § 27.01 …………………………………………… 6

Rules

TEX. R. CIV. P. 166a(i) …………………………………………………... 7

## STATEMENT OF THE CASE

Plaintiff filed a civil suit for damages in Williamson County, Texas. CLR 12-16. Defendant counterclaimed for defamation, and moved to transfer venue to Dallas County. CLR 17-19. After the transfer of venue, the trial court granted partial summary judgment on five claims. CLR 29. The court later granted summary judgment on Plaintiff's remaining claims. CLR 51. After a bench trial on the counterclaim, the court signed a Final Judgment. CLR 62-63.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant's Brief says "Oral Argument Requested" on the cover, but the brief does not explain how this would be helpful. Appellant does not believe oral argument it would be helpful to the Court's decisional process.

## ISSUES PRESENTED

### Issue One

When the Petition alleges facts establishing when the causes of action accrued, whether additional proof is required to obtain summary judgment on those claims based on limitations.

### Issue Two

When the Petition alleges facts negating a cause of action, whether any additional proof is required to obtain summary judgment on that claim.

### Issue Three

Whether Plaintiff provided the trial court with summary judgment evidence sufficient to defeat Defendant's no-evidence motion for summary judgment.

1

## STATEMENT OF FACTS

On May 15, 2017, Plaintiff filed her Original Petition in Williamson County, Texas. The petition alleged that she sought a mortgage loan from Defendant, and she believed she was approved. She claims she took certain actions in reliance on her belief, only to learn later that her loan application was denied. The petition is based entirely on events that occurred on or before June 14, 2013, almost four years before she filed her lawsuit. CLR (Clerk's Electronic Record) 12-16.

On July 3, 2017, Defendant filed an answer (including a limitations defense), a motion to transfer venue, and a counterclaim for defamation. CLR 17-19. On January 30, 2018, the court in Williamson County signed an order transferring the case to Dallas County. CLR 5.

On July 23, 2018, Defendant filed a motion for partial summary judgment. CLR 20-22. The motion asserted that four claims were barred by the applicable statutes of limitation (the claims for negligence, gross negligence, negligent misrepresentation, and deceptive trade practices). The motion also asserted that a fifth claim, Plaintiff's claim for fraud in the sale of real estate, failed because the statute on which the claim was based did not apply to the facts alleged in the petition.

On September 13, 2018, the trial court granted the motion, and signed an order dismissing these five claims. CLR 29.

On February 11, 2019, after adequate time for discovery, Defendant filed a no-evidence motion for summary judgment on Plaintiff's remaining claims (common law fraud, fraud in the inducement, and promissory estoppel). CLR 37-41. Plaintiff filed her response to the motion on February 25, 2019. CLR 42-45. Plaintiff did not include any evidence along with her response, and the trial court granted the motion by order dated March 7, 2019. CLR 51.

On March 13, 2019, the trial court conducted a bench trial on the counterclaim, and on March 20, 2019 the court signed a Final Judgment. CLR 62-63.

## SUMMARY OF THE ARGUMENT

Appellant has not identified any reversible error by the trial court. The first summary judgment was proper because the Original Petition alleged the facts necessary for the court to find, as a matter of law: (a) that four claims were barred by limitations, and (b) a fifth claim was not applicable to the facts alleged in the petition. The second summary judgment was proper because Plaintiff produced no summary judgment evidence, and thus failed to show a genuine issue of material fact for trial.

**ARGUMENT**

**Summary judgment based on limitations was proper because Plaintiff's petition alleged facts proving when her causes of action accrued.**

The factual allegations in a petition are sometimes sufficient to show that one or more of the claims being asserted cannot succeed on the merits. For example, in *Washington v. City of Houston*, 874 S.W.2d 791 (Tex. App.—Texarkana 1994, no writ), the plaintiff's petition alleged facts that proved the defendant enjoyed governmental immunity from the claims asserted. The opinion discussed whether any additional proof might be required, beyond plaintiff's own allegations, to support the defendant's request for summary judgment, and the court answered this question in the negative, stating: "[W]here the plaintiff's pleadings themselves establish the lack of a valid cause of action, such as the fact that the statute of limitations has run, or if the pleadings allege facts which, if proved, establish governmental immunity, pleadings alone can justify summary judgment and special exceptions are not required." *Id.* at 794.

In one of the cases cited in *Washington* as support for this proposition, the court found summary judgment based on limitations was proper based solely on the plaintiff's allegations, without the need for additional evidence. *See Alice Roofing & Sheet Metal v. Halleman*, 775 S.W.2d 869, 870-71 (Tex. App.—San Antonio 1989, no writ).

4

And so it is in the present case. Plaintiff's petition describes her efforts to obtain a mortgage from Defendant, her belief that she had been approved, and the actions allegedly taken in reliance on her belief. All of these actions took place before June 14, 2013, the date Plaintiff says she was told her loan application was denied. CLR 14 at ¶ 9.

The petition therefore established as a matter of law that her claims accrued on or before June 14, 2013. *See, e.g., Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex. 2003) (a cause of action accrues when events have occurred that would authorize a party to seek a remedy). Plaintiff did not plead the discovery rule, or claim that she was unaware of the relevant facts until some later time.

Plaintiff filed her lawsuit on May 15, 2017, almost four years after her claims accrued. CLR 12. Plaintiff's claims for negligence, gross negligence, negligent misrepresentation, and for alleged violations of the Texas Deceptive Trade Practices Act (TEX. BUS. & COMM. CODE § 17.46 *et seq.*), were therefore barred by their respective two-year limitations periods. Appellant has not proved reversible error, and the trial court's ruling on these four claims should be affirmed.

**Summary judgment was proper on the claim for fraud in the sale of real estate because Plaintiff's petition negated the possible application of this claim.**

In her petition, Plaintiff alleged that she sought a loan from Defendant so she could buy a house. CLR 13. Plaintiff did not allege that she sought to buy a house from Defendant. Defendant therefore moved for summary judgment because Plaintiff failed to state a viable cause of action.

In the motion, Defendant cited *Marketic v. U.S. Bank Nat'l Assoc.*, 436 F. Supp. 2d 842 (N.D. Tex. 2006), in which the court stated: "It is well established that a cause of action for statutory fraud [*i.e.* one based on section 27.01 of the Texas Business & Commerce Code] does not arise from a transaction between a mortgagor and a mortgagee because such a transaction does not involve the sale or transfer of real estate from one party to another." *Id.* at 856. Plaintiff did not contest this, or even address this claim in her response to the motion. CLR 23-28.

Likewise, Appellant's Brief does not mention this claim. The trial court properly granted summary judgment dismissing this claim because the pleadings themselves established the lack of a valid cause of action. Plaintiff/Appellant has not shown reversible error with respect to the trial court's disposition of this claim, and the ruling should be affirmed.

**Plaintiff failed to supply any summary judgment evidence in response to a proper no-evidence motion for summary judgment, so the trial court correctly granted the motion.**

After adequate time for discovery, Defendant filed a no-evidence summary judgment motion on Plaintiff's claims for fraud, fraudulent inducement, and promissory estoppel. The motion specifically identified the elements of each claim, and it specified the elements for which there was no evidence. CLR 37-40.

In this posture, the court was required to grant the summary judgment motion unless Plaintiff produced evidence sufficient to raise a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i).

Plaintiff's response did not include any evidence. She did not submit an affidavit, and there were no documents attached to or specifically referenced in the response. The response did state: "All of the Proof/Evidence/Exhibits have been Submitted and Accepted by the Court," CLR 44, but there was no explanation of what proof she was referring to, or how it raised a question of fact. Plaintiff had her day in court and she was heard, but she presented no evidence to justify going to trial on her claims.

The trial court therefore made the only possible ruling it could have made under the circumstances, and Appellant has not shown any reversible error in the ruling. This Court should therefore affirm the no-evidence summary judgment on these claims.

**PRAYER**

Appellee requests an order affirming the trial court's summary judgments.

Respectfully submitted,

/s/  Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
18208 Preston Rd. Suite D-9 #261
Dallas, TX 75252
phone: (214) 725-0260
fax: (866) 462-6179
Attorney for Appellee

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 19, 2019, I filed this document with the Clerk of the Court through the Court's electronic filing system, and I also served the document to Plaintiff/Appellant Kimberly D. Hogan by email to kdhogan@ymail.com.

/s/  Donald E. Uloth
Donald E. Uloth

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document complies with the word-count limitations of Texas Rule of Appellate Procedure 9.4(i) because it contains 1,302 words, excluding the parts exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

/s/  Donald E. Uloth
Donald E. Uloth